Jeanette UCKERMAN, Plaintiff and Respondent,

v.

LINCOLN NATIONAL LIFE INSURANCE CO., Defendant and Respondent,

v.

Pete Marcosa UCKERMAN, a/k/a Mrs. Levoy Uckerman, Peter Samuel Uckerman, a minor, and Jeanette Uckerman, Counterclaim and Cross Claim Defendants and Appellants.

No. 15577.

Supreme Court of Utah.

Nov. 21, 1978.

---

David Paul White, Salt Lake City, for defendant and respondent.

David E. West, Salt Lake City, for plaintiff and respondent.

ELLETT, Chief Justice:

This case comes to us on appeal from a summary judgment granted in favor of respondent. The facts that led to the trial court's ruling are summarized herein.

Peter Tom Uckerman, son of appellant, was killed in a knifing incident on October 3, 1976. A document dated September 6, 1976, was found in his wallet which read as follows:

To Whom It May Concern

Dearest Mother:

I, Peter Tom Uckerman, request if anything would happen to me, I would like Peter Sam Uckerman, my son, to be my beneficiary and my mother, Pete M. Uckerman, to be also my beneificary [sic] too. I would like Jeanette to be taken off my beneficiaries.

I would like my mother to take care of all my belongings until Peter Sam Uckerman is old enough to receive them. The money must be put in a trust fund for him until he is eighteen of age. Please take this letter to my boss.

The decedent's son, Peter Sam Uckerman, is the child resulting from decedent's marriage to Jeanette Uckerman who is the respondent herein. The parties were separated at the time of decedent's death.

Suit was initiated by the respondent against defendant, Lincoln National Life Insurance Company [hereafter referred to as "Lincoln"] to determine the status of a group life insurance policy that had been issued on decedent's life through his employer, naming the respondent as sole beneficiary. Appellant was appointed guardian ad litem for the child, Peter Sam Uckerman, and filed a claim with Lincoln for the insurance proceeds based on the note found in decedent's wallet. Lincoln filed a counterclaim and cross-claim against the appellant and deposited the proceeds of the insurance policy with the court. Lincoln was subsequently dismissed as a party.

Respondent submitted a motion for summary judgment which motion was granted by the court. The court issued its memorandum decision, specifically holding as follows:

1. The Court finds that the doctrine of 'manifest intention' applied in cases interpreting a federal statute and does not apply to the case at bar.

2. Based on the foregoing preceeding [sic] decision, the Court therefore finds that delivery was not made and that therefore the writing prepared by the deceased did not affect the change in beneficiary and the insurance carrier's obligation therefore would be to pay the designated beneficiary existing on their records at the time of the death of the decedent.

Appellant now appeals the judgment of the trial court and urges this Court to adopt the doctrine of manifest intent in the interest of "equity." She relies on two cases, *Sears v. Austin*[1] and *Smith v. Metropolitan Life Insurance Company*[2] as support for her proposition that an insured's "manifest intent" should be given effect even though a proper change of beneficiary has not been made. These cases involved an interpretation of a federal statute that provides group insurance to federal employees;[3] and federal law, not state law, governed that interpretation.

1. 292 F.2d 690 (9th Cir. 1961).

2. 142 F.Supp. 320 (N.D.Cal.1956).

3. 5 U.S.C.A. Section 2091, et seq.

In 1966, after these cases were decided, the Act was amended to provide that unless a change of beneficiary in a will or other document was executed and filed by the insurer, any change or cancellation made by the insured would be of no force or effect.[4] Thus, the federal cases holding that the doctrine of manifest intent is applicable have been expressly overruled by statute.

Our insurance code provides the procedure to be followed in modifying a contract of insurance. U.C.A., 1953, 31–19–26 states the following:

> No modification of any insurance contract shall be effective *unless in writing executed by the insurer* and if it contains conditions limiting or reducing benefits or protection otherwise applicable such writing shall also be executed by the insured. [Emphasis added.]

■ The practical application of this statute is to require that an insured must notify the insurer of his intent to change the beneficiary on his policy and that the change will become operative when the insurer executes a written form to that effect. This statutory provision has the same purpose as does the federal statute governing federal employee's group insurance; therefore, we decline to consider a doctrine which has not only been overruled by federal statute but which is contrary to our state law.

■ Appellant makes many immaterial factual allegations that are not supported by the record and has failed to cite those portions of the record that do support the material facts as is required by Rule 75(p)(2), Utah Rules of Civil Procedure. This Court need not, and will not, consider any facts not properly cited to, or supported by, the record.

The writing prepared by the decedent was not mailed to the insurer nor was it given to a third person with instructions to deliver it to either his employer or to the insurance company. Instead, it was placed in his wallet and carried on his person until his death. We are unable to find any fact that would support appellant's claim that constructive delivery had been made.

Nor are we persuaded by appellant's claim that decedent's lack of knowledge prevented him from complying with the procedural requirements. If he did not know how to change his beneficiary, he could have made inquiry through his employer or through the insurance company itself.

■ Even if the document prepared by decedent was found to be in testamentary form (and we do not reach that issue here), it is clear that in this case the insurance proceeds are non-testamentary in nature and, as such, cannot be devised by will.[5] The only way a beneficiary can be changed or eliminated is as provided in the contract of insurance itself or as mandated by Section 31–19–26 of the Utah Code. This, the decedent failed to do; thus, the beneficiary of his insurance policy was as originally designated and any attempt to change that designation was void.

The judgment is affirmed. Costs awarded to respondent.

CROCKETT, WILKINS and HALL, JJ., concur.

MAUGHAN, J., concurs in result.

---

4.  5 U.S.C. Section 8705.

5.  U.C.A.1953, 75–6–201, enacted by Laws of Utah, 1975, ch. 150, Section 7, effective July 1, 1977. The decedent's death occurred in 1976 and suit was filed on May 5, 1977, prior to the effective date of this Act; however, the Uniform Probate Code is made applicable to *any* proceeding pending in court as of July 1, 1977, regardless of date of death, by virtue of Section 75–8–101(b).