**Katherine KOULIS, Plaintiff and Appellant,**

v.

**STANDARD OIL COMPANY OF CALIFORNIA; Western Operations, Inc.; Chevron Oil Company dba Standard Oil Company of California, Defendants and Respondents.**

No. 860064–CA.

Court of Appeals of Utah.

Dec. 11, 1987.

Peter L. Flangas, Mark S. Miner, Salt Lake City, for plaintiff and appellant.

Michael F. Richman, James W. Stewart, Wayne D. Swan, Van Cott, Bagley, Cornwall & McCarthy, Salt Lake City, for defendants and respondents.

OPINION

Before GARFF, BENCH and JACKSON, JJ.

GARFF, Judge:

Plaintiff/appellant Katherine Koulis appeals from a summary judgment in which she was barred from bringing her action under Utah Code Ann. § 78–12–23(2) (1984), the statute of limitations for actions upon a contract, and Utah Code Ann. § 78–12–26(3) (1984), the statute of limitations applicable to actions for fraud.

On August 2, 1958, Pauline Koulis, Katherine Koulis' predecessor in interest, entered into a lease agreement with defendant/respondent Standard Oil Company. Under this agreement, Standard Oil agreed to build a service station on Pauline Koulis' property, to pay her $250 rental per month until the service station was completely constructed on the property, and to pay $350 rental per month for the following fifteen years. Standard Oil had the right to terminate the lease with ten days' notice, and, at any time during its occupancy of the premises, the right to remove any buildings, improvements, fixtures, or equipment it owned or had placed on the premises. If Standard Oil were to prematurely terminate the lease for any reason other than several specifically enumerated circumstances, it was required to offer Pauline Koulis a bill of sale for the service station. Standard Oil had the option of extending the lease under the same terms for an additional five years, and for five years beyond that at a higher rental amount.

At the time the lease was entered into, there was a two-story building on Pauline Koulis' property. She leased the bottom floor to a third party who operated a drug store, and lived on the second floor, together with her son, Paul Koulis, and his wife, the plaintiff in this action, Katherine Koulis. Katherine Koulis lived on this property for approximately seventeen years. Because of the drug store lease, Standard Oil was unable to take possession of the property until 1967.

On May 13, 1967, Standard Oil entered into a comparable lease with Diana Amelia Child Martin, who owned property adjacent to the Koulis property.

On May 16, 1967, Pauline Koulis signed a modification of the lease, which extended the lease until 1992.

During 1967 and 1968, Standard Oil built a Chevron station on the Koulis and Martin properties. A single family house on the Martin property and the two-story building on the Koulis property were razed to accommodate the station, one-half of which was built on the Koulis property and one-half on the Martin property. The gas station extends approximately twenty-four feet, one-half of the property's width, onto the Martin property.

Pauline Koulis died on January 20, 1968, a few months after the service station was built.

Katherine Koulis and her husband, Paul Koulis, inherited Pauline Koulis' interest in the leased property, and were joint executors of her estate. As executrix of the estate, Katherine Koulis was aware that one of the assets of the estate was the Standard Oil lease because she regularly received Standard Oil's monthly rental payment. Further, she had seen the completed service station in 1968. Nevertheless, she made no attempt on her own to obtain a copy of the 1958 lease and the 1967 modification.

She became aware of the alleged breach of the lease agreement in the summer of 1982, when Standard Oil gave her copies of the 1958 lease, the 1967 modification of the lease, and the Martin lease. She then had the property surveyed and discovered that the service station was not built entirely upon the Koulis property. She claims that Standard Oil breached the lease because its terms provided that Standard Oil would build the service station entirely upon her property and that she would receive a completely built service station at the end of the lease or upon Standard Oil's termination of the lease by 30 days' notice. Consequently, because the service station was not built entirely upon her property, she asserts that she would receive no consideration for the property, and would be forced into litigation with the Martins over title to the service station.

Koulis then demanded that Standard Oil comply with her interpretation of the lease by building a gas station entirely on her property. When Standard Oil refused, she instituted the present suit, alleging breach of contract and fraud, and demanding immediate possession of the property along with $500,000 damages. Both parties moved for summary judgment.

The trial court granted Standard Oil's motion for summary judgment on the

grounds that the action was barred by the statutes of limitations applicable to contracts and actions for fraud.

Koulis raises the following issues on appeal: (1) Does Utah Code Ann. § 78–12–26(3) (1984), the statute of limitations for fraud actions, bar an action under these circumstances? (2) Similarly, does Utah Code Ann. § 78–12–23(2) (1984), the statute of limitations for contract actions, bar this action?

We affirm the trial court's dismissal of this case for two reasons: (1) Koulis' brief on appeal violates Rule 24 of the Rules of the Utah Court of Appeals, and (2) the action is barred by the statutes of limitations.

## I.

### Rule 24 of Rules of Utah Court of Appeals

We first note that Koulis' brief on appeal contains no citations to the record for factual allegations other than several general references to the lease agreements. Citations to the record are required under Rule 24(a) of the Rules of the Utah Court of Appeals (1987), which became effective in January 1987. Relevant portions of Rule 24(a) read as follows:

(a) Brief of appellant. The brief of the appellant shall contain under appropriate headings and in the order here indicated:

. . . .

(7) A statement of the case. The statement shall first indicate briefly the nature of the case, the course of proceedings, and its disposition in the court below. There shall follow a statement of the facts relevant to the issues presented for review. *All statements of fact and references to the proceedings below*

*shall be supported by citations to the record* (see Paragraph (3)) (emphasis added).[1]

Rule 24(a) is identical to Rule 24(a), Rules of the Utah Supreme Court (1987),[2] so is subject to the same interpretation. The Advisory Committee Note to the Rules of the Supreme Court, Rule 24, indicates the rule's purpose:

Inadequate appellate briefs, which do not significantly assist the court in disposing of the case before it, have proved to be a significant problem. In order to alleviate this concern, this rule clearly specifies the required contents and order of each brief. . . .

. . . .

Paragraph (a)(7). *This paragraph requires all statements of proceedings and facts to be supported by references to the record.* The prior rule contained a similar requirement, but was frequently disregarded in practice. *This rule is intended to emphasize that such citations are required in all cases* (emphasis added).

■ If a party fails to make a concise statement of the facts and citation of the pages in the record where those facts are supported, the court will assume the correctness of the judgment below. *Fackrell v. Fackrell,* 740 P.2d 1318, 1319 (Utah 1987); *Trees v. Lewis,* 738 P.2d 612, 612–13 (Utah 1987). *See also White River Shale Oil Corp. v. Pub. Serv. Comm'n,* 700 P.2d 1088, 1089 n. 1 (Utah 1985); *State v. Tucker,* 657 P.2d 755, 756–57 (Utah 1982). "This Court need not, and will not, consider any facts not properly cited to, or supported by, the record." *Uckerman v. Lincoln Nat'l Life Ins. Co.,* 588 P.2d 142, 144 (Utah 1978).

---

1. Rule 24(e) of the Rules of the Utah Court of Appeals indicates how these required references in the briefs are to be made:

   **References in briefs to the record.** References shall be made to the pages of the original record as paginated pursuant to Rule 11(b), to pages of the reporter's transcript, or to pages of any statement of the evidence or proceedings or agreed statement prepared pursuant to Rule 11(f) or 11(g). References

to exhibits shall include exhibit numbers. If reference is made to evidence the admissibility of which is in controversy, reference shall be made to the pages of the transcript at which the evidence was identified, offered, and received or rejected.

2. The Rules of the Utah Supreme Court were, prior to April 20, 1987, known as the Utah Rules of Appellate Procedure.

The Advisory Committee Note to Utah Rules of Appellate Procedure on Rule 24 also requires each party submitting a brief to set forth a properly documented argument: "The argument shall contain the contentions of the appellant with respect to the issues presented and the reasons therefor, with citations to the authorities, statutes, and parts of the record relied on."

Rule 24(k) sets forth minumum standards of adequacy for arguments, and sanctions for failure to adhere to these standards.

**Requirements and Sanctions.** All briefs under this rule must be concise, presented with accuracy, logically arranged with proper headings and free from burdensome, irrelevant, immaterial or scandalous matters. Briefs which are not in compliance may be disregarded or stricken, on motion or sua sponte by the court, and/or the court may assess attorney's fees against the offending lawyer.

Koulis' brief can fairly be described as being filled with burdensome, emotional, immaterial and inaccurate arguments. Further, only a small proportion of authorities cited in this brief bear any resemblance to the propositions for which they are cited, and most are irrelevant or directly contradict the propositions, thus indicating that there is little, if any, legal support for her allegations.

We, therefore, sua sponte disregard Koulis' brief on appeal. We also assume the correctness of the judgment below, and find that Katherine Koulis had the opportunity to know the facts constituting the fraud in 1968, was dilatory in commencing her action, and has failed to come forward with any legally cognizable reason to excuse her delayed discovery of the alleged fraud.

## II.

### Statute of Limitations

Our second basis for affirming the trial court's judgment on appeal is that the action is barred by the statute of limitations under Utah Code Ann. §§ 78–12–26(3) and 78–12–23(2).

Section 78–12–26(3) provides that "an action for relief on the ground of fraud or mistake [must be filed within three years]; except that the cause of action in such case does not accrue until the discovery by the aggrieved party of the facts constituting the fraud or mistake."

■ The Utah Supreme Court has stated that "as to a cause of action based on fraud, the statute of limitations does not begin to run until the fraud is discovered." *Leach v. Anderson*, 535 P.2d 1241, 1244 (Utah 1975). However, if one is fully informed of such facts and information as would put a person of ordinary intelligence and prudence upon inquiry, and one makes no inquiry, then he or she is deemed to have discovered all that would have been revealed, and the running of the statute of limitations commences. *Gibson v. Jensen*, 48 Utah 244, 158 P. 426, 427 (1916); *Haslem v. Ottosen*, 689 P.2d 27, 30 (Utah 1984). The complaining party does not have to have actual notice of the alleged fraud. *Mason v. Laramie Rivers Co.*, 490 P.2d 1062, 1064 (Wyo.1971).

■ Katherine Koulis, as the executrix of Pauline Koulis' estate, was aware of the Standard Oil contract, had previously lived on the Koulis property for approximately seventeen years, and was, consequently, aware of its and the Martin property's approximate dimensions vis-a-vis the service station. She had seen the completed service station, and, in the exercise of reasonable diligence as the executrix of the Koulis estate, could and should have requested copies of the lease from Standard Oil. Thus, in 1968, when she became executrix of the estate, and the service station had been completed, Koulis had all the facts necessary to ascertain the alleged fraud. However, she did not file the present action until 1982. Nearly fourteen years elapsed between the time her cause of action accrued and she filed suit. She has submitted no legitimate reason as to why she should be excused from coming under the statutory bar on her action, especially in the light of the absence of credible factual allegations in her brief. Thus, section 78–12–26(3) bars her fraud claim.

Utah Code Ann. § 78–12–23(2) provides that "an action upon any contract, obligation, or liability founded upon an instrument in writing, except those mentioned in section 78–12–22" must be brought within six years. According to the generally accepted rule, a cause of action accrues, thus causing the statute of limitations to commence, upon breach of the contract. *Upland Indus. Corp. v. Pacific Gamble Robinson Co.*, 684 P.2d 638, 643 (Utah 1984).

Koulis alleges that the contract was breached by Standard Oil's building of the gas station on the Martin property as well as on the Koulis property, rather than solely and completely upon the Koulis property. If so, then the breach occurred in 1968, when the gas station was completed, and the six year statutory period for bringing this action would have elapsed in 1974, eight years before this action was brought. On the other hand, as a more reasonable reading of the lease agreements suggests, there is only a potential breach because Standard Oil has not yet cancelled the lease and Koulis' cause of action has not yet ripened. A cause of action does not accrue upon an anticipatory breach or repudiation of a contract. *Upland*, 684 P.2d at 643.

We, therefore, affirm the trial court's ruling that Koulis' action was barred both by the statute of limitations applicable to actions for fraud, and by the statute of limitations for actions upon a contract.

BENCH and JACKSON, JJ., concur.