**Kandi Ann STEELE, Petitioner,**

v.

**BOARD OF REVIEW OF THE INDUSTRIAL COMMISSION OF UTAH; Workers' Compensation Fund of Utah; and Utah State Prison, Respondents.**

No. 920067–CA.

Court of Appeals of Utah.

Jan. 12, 1993.

Mark R. McDougal and Brent K. Wamsley, Salt Lake City, for petitioner.

James R. Black, Richard L. King, and Deborah M. Larsen, Salt Lake City, for respondents Workers' Compensation Fund and Utah State Prison.

Benjamin A. Sims and Thomas C. Sturdy, Salt Lake City, for respondent Bd. of Review of the Indus. Com'n of Utah.

Before BENCH, GARFF and RUSSON, JJ.

OPINION

GARFF, Judge:

Petitioner, Kandi Ann Steele, appeals from the order of the Industrial Commission of Utah (Commission) dismissing her claim for additional workers' compensation benefits. We affirm.

On May 15, 1986, Steele was allegedly injured in an accident while working as a social worker at the Utah State Prison. Steele claims she slipped and fell on a wet floor, injuring her head, neck, and left shoulder.

On June 7, 1986, Steele consulted with Dr. Dan C. Henry, Jr. Dr. Henry's consul-

tation notes do not indicate that Steele was suffering from any head, neck, or shoulder problems at the time. Furthermore, the notes do not refer to the alleged industrial accident.

On September 15, 1986, four months after Steele's alleged injuries occurred, Steele again conferred with Dr. Henry. In his consultation notes, Dr. Henry first noted Steele's left shoulder pain. The notes, however, do not indicate that the shoulder pain resulted from the reputed industrial accident. Similarly, Steele's medical records do not note headaches as a symptom until January 1987, approximately eight months after the alleged industrial accident occurred. Moreover, the notations concerning her headaches, like those of her shoulder pain, do not indicate that her headaches resulted from the purported industrial accident.

After Steele applied for a hearing with the Commission on October 25, 1989, the Administrative Law Judge (ALJ) scheduled a hearing on Steele's claim. At the hearing on April 2, 1990, the ALJ admitted testimony on Steele's claim and prepared a summary of the testimony. Thereafter, the Commission reassigned Steele's case to another ALJ, who referred the case to a medical panel to evaluate her claim. In the process, the ALJ forwarded the summary of testimony, medical records, and x-rays to the medical panel.

The ALJ received the medical panel's report on February 7, 1991. In the report, the panel prepared two responses to each of the questions submitted by the ALJ. The panel based Response A on Steele's current reporting of events. In contrast, the panel based Response B primarily on the available medical records. The panel reasoned that "in this case, it seems best to leave to the administrative law judge the final determination of basic facts on which a final interpretation is to be based, namely, which is more valid, the applicant's current recollections or the records made at the time." Based on Response A, the panel found that the industrial accident caused Steele's medical problems. However, based on Response B, the panel concluded that none of Steele's medical problems were caused by the purported accident.

On March 22, 1991, Steele objected, claiming the medical panel's report is "ambiguous" and that "the Findings of the Panel are couched in alternative fact situations...." Steele filed supplemental objections to the report on April 17, 1991, and amended supplemental objections on April 19, 1991, alleging that she was entitled to examine the medical panel.

On May 10, 1991, the ALJ signed findings of fact, conclusions of law, and an order adopting Response B of the medical panel report and denying Steele's claim for additional benefits. Steele moved for review on June 17, 1991, in which she objected to (1) the evaluations of the medical panel, (2) the ALJ's denial of her request to examine the medical panel, and (3) the ALJ's findings of fact, conclusions of law, and order. On December 30, 1991, the Commission entered its order denying the motion for review and dismissing Steele's claim. Steele then petitioned this court for review.

On June 29, 1992, respondents Utah State Prison and Workers' Compensation Fund of Utah, pursuant to Utah Rules of Appellate Procedure 11[1] and 24, moved this court to disregard or strike Steele's brief. They also requested that they be allowed to present evidence of reasonable attorney fees expended in filing the motion and in responding to the brief. Steele did not respond. On July 17, 1992, this court ordered the motion "deferred pending plenary presentation and consideration of the case."

Utah Rule of Appellate Procedure 24 sets forth the requirements concerning the contents of briefs. Pursuant to Rule 24(a)(7), an appellant's brief must contain a "statement of the facts relevant to the

---

1. Utah Rule of Appellate Procedure 18 renders inapplicable Utah Rule of Appellate Procedure 11 regarding review of decisions or orders of agencies. Through the recent amendment of Rule 18, effective October 1, 1992, Rule 11 now applies to the review of agency decisions or orders.

issues presented for review," and "[a]ll statements of fact and references to the proceedings below shall be supported by citations to the record." Likewise, subsection (a)(9) of Rule 24 requires the argument in a brief to contain "citations to the ... parts of the record relied on" therein. Briefs that do not comply with Rule 24 "may be stricken, on motion or sua sponte by the court, and the court may assess attorney fees against the offending lawyer." Utah R.App.P. 24(k).

 If a party fails to provide a statement of the facts along with a citation to the record where those facts are supported, we will assume the correctness of the judgment. *Fackrell v. Fackrell,* 740 P.2d 1318, 1319 (Utah 1987); *Trees v. Lewis,* 738 P.2d 612, 612–13 (Utah 1987); *White River Shale Oil Corp. v. Public Serv. Comm'n,* 700 P.2d 1088, 1089 n. 1 (Utah 1985); *Koulis v. Standard Oil Co.,* 746 P.2d 1182, 1184 (Utah App.1987).

Steele's brief does not contain the requisite statement of facts. Moreover, Steele's cursory statement of the case does not contain any citations to the record. Likewise, in the argument portion of her brief, Steele fails to provide citations to any parts of the record relied upon therein.

On appeal, Steele challenges the ALJ's findings of fact and conclusions of law.[2] Because Steele challenges the ALJ's findings of fact, she must marshal all the evidence in support of the ALJ's findings and then demonstrate that the challenged findings are unsupported by substantial evidence. *Stewart v. Board of Review,* 831 P.2d 134, 137–38 (Utah App.1992); Utah Code Ann. § 63–46b–16(4)(g) (1989). This Steele also fails to do.

Based on these failures, we grant respondents' motion to strike Steele's brief and accordingly affirm the judgment. However, pursuant to section 63–46b–17(1)(a), when reviewing agency action, we "may award damages or compensation only to the extent expressly authorized by statute." Thus, we deny respondents' request for attorney fees.

BENCH and RUSSON, JJ., concur.

---

2. Steele argues that the ALJ, medical panel, and Commission committed plain error by misunderstanding the meaning of the initials "HA," which were noted by Dr. Henry during Steele's consultation with him on June 7, 1986. In making this argument, Steele misperceives the concept of plain error, which, when applicable, allows an appellate court to reach the merits of a claim raised for the first time on appeal. *See generally State v. Eldredge,* 773 P.2d 29, 34–36 (Utah), *cert. denied,* 493 U.S. 814, 110 S.Ct. 62, 107 L.Ed.2d 29 (1989); *State v. Archambeau,*

820 P.2d 920, 922–26 (Utah App.1991); Utah R.Evid. 103(d). The doctrine of plain error does not apply to the instant case because the medical panel, ALJ, and Commission considered the issue.

Furthermore, Steele requests that we consider Dr. Henry's affidavit of September 6, 1991, which purportedly substantiates her position concerning the interpretation of the initials "HA." Because the affidavit is not part of the record, we do not consider it.