**Russell PHILLIPS, Plaintiff and Appellee,**

v.

**Ronald L. HATFIELD, Defendant and Appellant.**

**No. 950124–CA.**

Court of Appeals of Utah.

Oct. 12, 1995.

---

Douglas A. Baxter, Provo, for Appellant.

---

Don R. Petersen, Provo, for Appellee.

Before ORME, GREENWOOD, and WILKINS, JJ.

## OPINION

GREENWOOD, Judge:

Ronald L. Hatfield appeals the trial court's order refusing to allocate profits and losses from certain plastering jobs that were performed by members of a dissolved partnership. We affirm.

## BACKGROUND

Hatfield and appellee Russell Phillips were partners in P & H Plastering, a plastering business located in Utah County. A dispute arose between the partners, and on September 12, 1985, Phillips filed a lawsuit requesting that the court dissolve the partnership and conduct an accounting. Hatfield subsequently appealed portions of the district court's order dissolving the partnership. On January 28, 1992, this court reversed the order in part and ordered the trial court to allocate profits and losses from certain plastering jobs that were performed after dissolution. This court also placed the burden on Phillips to provide the trial court with the necessary information to make the allocation.

The trial court, after conducting a hearing upon remand, entered an order dated July 27, 1994, in which it refused to allocate any profits or losses, finding that Phillips had failed to provide the necessary information to permit an accounting. Hatfield appeals that order.

## ISSUE

The sole issue on appeal is whether the trial court erred in refusing to allocate the profits and losses to the parties.

## STANDARD OF REVIEW

█ When reviewing the manner in which a trial court structured the dissolution and winding up of a partnership, this court grants "'considerable deference to its findings and judgment.'" *Nupetco Assoc. v. Jenkins,* 669 P.2d 877, 883 (Utah 1983) (quoting *Ream v. Fitzen,* 581 P.2d 145, 147 (Utah 1978)).

## ANALYSIS

Hatfield argues that the trial court should have allocated profits and losses to the parties. However, because we find Hatfield's appellate brief wholly fails to comply with Rule 24 of the Utah Rules of Appellate Procedure, and it inadequately presents the issue for our consideration, we decline to address his substantive argument.

█ Rule 24(a)(7) of the Utah Rules of Appellate Procedure states, in pertinent part, that "[a]ll statements of fact and references to the proceedings below shall be supported by citations to the record." Utah R.App.P. 24(a)(7). This court will assume the correctness of the judgment below if the appellant fails to make a "concise statement of the facts and citation of the pages in the record where those facts are supported." *Koulis v. Standard Oil Co.,* 746 P.2d 1182, 1184 (Utah App.1987) (citations omitted). Moreover, this court will not "'consider any facts not properly cited to, or supported by, the record.'" *Id.* (quoting *Uckerman v. Lincoln Nat'l Life Ins. Co.,* 588 P.2d 142, 144 (Utah 1978)).

Subsection (a)(9) of Rule 24 states that the brief shall contain an argument setting forth "the contentions and reasons of the appellant with respect to the issues presented ... with citations to the authorities, statutes, and parts of the record relied on."

█ Hatfield's brief on appeal sets forth little legal analysis on the issue presented, does not specifically discuss how the trial court erred, does not even attempt to marshal the evidence,[1] and presents no citations to the record. Hatfield claims Phillips did not sustain his burden of providing adequate information to the trial court so as to provide a basis for allocating profits and losses, but

---

1. To challenge the trial court's findings of fact, appellant must marshal all the evidence in support of the findings and then demonstrate that the evidence is insufficient to support the findings in question. *Pasker, Gould, Ames & Weaver, Inc. v. Morse,* 887 P.2d 872, 875 (Utah App. 1994).

fails on appeal to provide this court with a description of what evidence Phillips did produce, even if inadequate, much less a description of what evidence should have been produced by Phillips. Nor does Hatfield demonstrate why Phillips' failure in his burden entitles Hatfield to a judgment of approximately $50,000. We are also bereft of any briefing about evidence which Hatfield may have provided as a theory upon which to either decide the case or remand it. We therefore decline to consider the merits of Hatfield's appeal and affirm the judgment of the trial court. *See Koulis,* 746 P.2d·at 1185 (refusing to consider brief that failed to contain record citations and that did not conform to Rule 24 requirements for argument section of brief); *see also First Sec. Bank of Utah v. Creech,* 858 P.2d 958, 962 (Utah 1993) (refusing to address contention in brief that did not conform to requirements of Rule 24(a)(9)); *Steele v. Board of Review,* 845 P.2d 960, 961–962 (Utah App.1993) (striking brief which did not comply with requirements of Rule 24(a)(7) and 24(a)(9)).

## CONCLUSION

Hatfield's brief failed to conform to the requirements of Rule 24 of the Utah Rules of Appellate Procedure. Therefore, we decline to address Hatfield's argument on appeal and affirm the trial court's order refusing to allocate profits or losses.

ORME, P.J., and WILKINS, J., concur.