IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| John D. Jacob and Aqua Resources Unlimited, LLC, | ) | PER CURIAM DECISION |
| | ) | |
| | ) | Case No. 20100992-CA |
| Plaintiffs and Appellees, | ) | |
| | ) | |
| v. | ) | F I L E D |
| | ) | (July 12, 2012) |
| Jerrold L. Cross and Juniper Ridge, LLC, | ) | |
| | ) | 2012 UT App 190 |
| Defendants and Appellant. | ) | |

-----

Fourth District, Provo Department, 070400563
The Honorable Fred D. Howard

Attorneys: Jerrold L. Cross, Orem, Appellant Pro Se
Bryce D. Panzer, Salt Lake City, for Appellees

-----

Before Judges Davis, Thorne, and Christiansen.

¶1     Jerrold L. Cross appeals the judgment entered by the district court on November 8, 2010.  The judgment was certified as final pursuant to rule 54(b) of the Utah Rules of Civil Procedure.  Cross alleges various procedural errors with the November 8, 2010 damages hearing, as well as issues concerning the quality of the evidence presented at that hearing.

¶2     If an appellant fails to adequately brief an issue on appeal, the appellate court may decline to consider the argument.  *See Phillips v. Hatfield*, 904 P.2d 1108, 1110 (Utah Ct. App. 1995); *Koulis v. Standard Oil Co.*, 746 P.2d 1182, 1185 (Utah Ct. App. 1987).  Rule 24 of the Utah Rules of Appellate Procedure, among other things, requires an appellant (1) to provide a citation to the record "showing that the issue was preserved in the trial

court," *see* Utah R. App. P. 24(a)(5)(A); (2) to provide a statement of relevant facts supported by citations to the record, *see id.* R. 24(a)(7); and (3) to provide an argument "with citations to authorities, statutes, and parts of the record relied on," *see id.* R. 24(a)(9). Cross failed to comply with any of these requirements.

¶3     First, Cross fails to cite to where in the record the issues presented in the appeal were preserved for review. This is important because "[u]nder ordinary circumstances, we will not consider an issue brought for the first time on appeal unless the trial court committed plain error or exceptional circumstances exist." *See State v. Nelson-Waggoner,* 2004 UT 29, ¶ 16, 94 P.3d 186. Cross neither demonstrates that his issues were preserved for appeal nor argues that the district court committed plain error. Second, while Cross attached an addendum to his brief, and on occasion cites generally to that addendum, he fails to cite to the record as required by the rule, thereby leaving the responsibility of combing through the record to this court. Finally, Cross fails to provide any argument with citations to authorities or the parts of the record relied upon to support his arguments. Instead, Cross sets forth nine separate conclusory statements as his argument. He fails to provide any factual or legal basis to support these conclusory statements. As a result, the issues are inadequately briefed because he has completely shifted the burden of researching the record and applicable law to the court. *See Smith v. Smith,* 1999 UT App 370, ¶ 8, 995 P.2d 14 ("An issue is inadequately briefed when the overall analysis is so lacking as to shift the burden of research and analysis to the reviewing court.").

¶4     The court acknowledges that Cross appeared pro se, and, as such, is entitled to "every consideration that may reasonably be indulged." *Nelson v. Jacobsen,* 669 P.2d 1207, 1213 (Utah 1983) (internal quotation marks omitted). "However, '[a]s a general rule, a party who represents himself will be held to the same standard of knowledge and practice as any qualified member of the bar. . . .'" *Allen v. Friel,* 2008 UT 56, ¶ 11, 194 P.3d 903 (quoting *Nelson,* 669 P.2d at 1213). Consequently, "'[r]easonable considerations do not include . . . attempt[ing] to redress the ongoing consequences of the party's decision to function in a capacity for which he is not trained.'" *Id.* (quoting *Nelson,* 669 P.2d at 1213). Here, Cross's brief simply provides too little information for the court to analyze the issues he presents for review.

¶5     Despite the inadequate briefing, Appellees acknowledge that after entry of the judgment, and during the course of the ongoing litigation against other parties, an error

was found in the appraisal that supported the judgment against Cross.  This error cannot be corrected based upon the record before the court because Cross failed to preserve any argument concerning the use of the appraisal, and any evidence concerning the error was discovered after entry of the judgment against Cross. Appellees and their counsel have represented to this court that "[w]hen the District Court resolves the balance of the case, [Appellees] intend to seek an amendment of the judgment against Cross to correct the error."  Accordingly, the judgment must be amended in accordance with Appellees' representation.  If the judgment is not amended, Cross should seek relief under rule 60(b) of the Utah Rules of Civil Procedure.

¶6     Affirmed.


_____
James Z. Davis, Judge


_____
William A. Thorne Jr., Judge


_____
Michele M. Christiansen, Judge