2014 UT App 44

**UINTAH COUNTY, Petitioner,**

v.

**DEPARTMENT OF WORKFORCE SERVICES, Workforce Appeals Board, Respondent.**

No. 20130193–CA.

Court of Appeals of Utah.

Feb. 21, 2014.

Kristin A. Van Orman and Jonathan A. Stearmer, Attorneys for Petitioner.

Suzan Pixton, Attorney for Respondent.

Judge JAMES Z. DAVIS authored this Memorandum Decision, in which Judge JOHN A. PEARCE and Senior Judge RUSSELL W. BENCH concurred.[1]

Memorandum Decision

DAVIS, Judge:

¶ 1 Uintah County (the Employer) seeks review of the Workforce Appeals Board's decision to reverse the administrative law judge's (ALJ) ruling that the Uintah County Correctional Department had just cause to discharge Denile Gale (Claimant). We do not disturb the Board's decision.

¶ 2 Employer terminated Claimant in December 2011 for violating a policy regarding the distribution of medication to inmates. Claimant filed a claim for unemployment benefits, which the Department of Workforce Services denied after determining that there had been just cause for Claimant's termination. *See* Utah Admin. Code R994–405–201 ("[Unemployment b]enefits will be denied if the claimant was discharged for just cause...."); *id.* R994–405–202 (explaining that a just cause determination requires satisfaction of three specific elements—culpability, knowledge, and control over the conduct at issue—and providing detailed definitions of each element). Claimant appealed the denial to the ALJ, who also determined that Claimant had been fired for just cause and was ineligible for unemployment benefits. Claimant appealed the ALJ's decision to the Board, which overturned the ALJ's ruling based primarily on its finding that Claimant's testimony was credible.

¶ 3 The Employer first argues that the Board is not in a position to second-guess the ALJ's credibility determinations because the Board was "not present at the hearing" when Claimant testified and because it is "this Court's clear precedent that it is the ALJ's province to make credibility determinations." The Board admits in its appellate brief that it "generally finds the ALJ in the best position to consider conflicting testimony and resolve credibility issues between the parties" but that "the Board is the ultimate trier of facts in an unemployment case." We agree with the Board.

¶ 4 Here, the Board is permitted by statute to request and accept additional evidence and is authorized, on the basis of such evidence, to "reverse the findings, conclusions, and decision of the [ALJ]." Utah Code Ann. § 35A–1–304(2) (LexisNexis 2011); *see also* Utah Admin. Code R994–508–305(3). Likewise, "[t]he Board has the discretion to consider and render a decision on any issue in the case even if it was not presented at the hearing [with an ALJ] or raised by the parties on appeal." Utah Admin. Code R994–508–305(1); *see also id.* R994–508–101(5) ("The scope of the appeal is not limited to the issues stated in the appeal."). To read into these provisions a caveat that the Board cannot question an ALJ's credibility determinations would undermine the flexibility permitted by the statute. Indeed, in a ruling that has since been applied in other administrative contexts, our supreme court declared that an administrative appeals board may, "in its review of the record made before the [ALJ], ... make its own findings on the credibility of the evidence presented." *United States Steel Corp. v. Industrial Comm'n,* 607 P.2d 807, 811 (Utah 1980); *see also United States Steel,* 607 P.2d at 810 ("[T]here is nothing in our statutes which limits the power of the Commission itself in reviewing and adopting or reversing the findings of its [ALJ]."); *Vali Convalescent & Care Insts. v. Division of Health Care Fin.,* 797 P.2d 438, 449 (Utah Ct.App.1990) (determining that the Division of Health Care Financing could enter its "own findings on the evidence of record and reach a different decision [than the hearing examiner] so long as it was reason-

---

1. The Honorable Russell W. Bench, Senior Judge, sat by special assignment as authorized by law. *See generally* Utah Code Jud. Admin. R. 11–201(6).

able"); *Red Cliffs Reg'l, Inc. v. Labor Comm'n*, 1999 UT App 388U, para. 5, 1999 WL 33244753 (mem.) (applying the rule from *United States Steel* ). Because it is not this court's "role to judge the relative credibility of witnesses," we defer to the Board's credibility determination. *See Albertsons, Inc. v. Department of Emp't Sec.*, 854 P.2d 570, 575 (Utah Ct.App.1993).

¶ 5 The Employer also challenges the Board's determination on the ground that it is not supported by substantial evidence.[2] We defer to the Board's factual findings "if they are supported by substantial evidence when viewed in light of the whole record before the court." *See id.* at 574 (citations and internal quotation marks omitted); *see also Murray v. Labor Comm'n*, 2013 UT 38, ¶¶ 19–20, 308 P.3d 461. "Substantial evidence has been defined as that quantum and quality of relevant evidence that is adequate to convince a reasonable mind to support a conclusion." *Acosta v. Labor Comm'n*, 2002 UT App 67, ¶ 29, 44 P.3d 819 (citation and internal quotation marks omitted). "[A] party challenging the Board's findings of fact must marshal[ ] all of the evidence supporting the findings and show that despite the supporting facts, and in light of the conflicting or contradictory evidence, the findings are not supported by substantial evidence." *Grace Drilling Co. v. Board of Review of the Indus. Comm'n*, 776 P.2d 63, 68 (Utah Ct. App.1989) (emphasis omitted).

¶ 6 The Employer has not satisfied its marshaling burden on appeal. Rather, it has simply reargued its position that "Claimant's only defense is his own, self-serving, hearsay statement that he was given permission to violate the policy by the medical officer" and that this hearsay statement is explicitly refuted by the medical officer's letter, stating that she "did not authorize any [prescription] Ibuprofen 800mg to be given nor did [she] have approval to administer 'someone else's medication' to another [inmate]."[3] The Employer's appellate briefing rejects the Board's findings based on the conflicting evidence in the record, the relative strengths of the evidence supporting its position, and the shortcomings of the evidence relied on by the Board. However, this is not what is meant by "marshaling."

¶ 7 To satisfy its marshaling burden, the Employer needed to "marshal all of the evidence supporting the [Board's] findings," not simply the evidence supporting its preferred interpretation. *See Atlas Steel, Inc. v. Utah State Tax Comm'n*, 2002 UT 112, ¶ 41, 61 P.3d 1053. When a party challenging a factual finding fails to "marshal the evidence in support of that finding, we assume[ ] that the record supports the finding[ ]." *Heber City Corp. v. Simpson*, 942 P.2d 307, 312 (Utah 1997) (first alteration in original) (citation and internal quotation marks omitted); *see also Whitear v. Labor Comm'n*, 973 P.2d 982, 985 (Utah Ct.App.1998) ("We have shown no reluctance to affirm when the petitioner has failed to meet its marshaling burden.").

¶ 8 Here, in addition to finding credible Claimant's testimony that the medical officer instructed him to give out prescription-

**2.** The Employer acknowledges that hearsay evidence is admissible in administrative proceedings but argues that the Board impermissibly based its ruling entirely on hearsay evidence (i.e., Claimant's testimony of what he was told by the medical officer). *See* Utah Code Ann. § 63G–4–206(1)(c) (LexisNexis 2011) (providing for the admissibility of hearsay evidence in administrative proceedings); *id.* § 63G–4–208(3) ("In formal adjudicative proceedings[,] . . . [a] finding of fact that was contested may not be based solely on hearsay evidence unless that evidence is admissible under the Utah Rules of Evidence."); Utah R. Evid. 801(c)(2) (defining "hearsay" as a statement offered "to prove the truth of the matter asserted in the statement"); *Prosper, Inc. v. Department of Workforce Servs.*, 2007 UT App 281, ¶ 11, 168 P.3d 344 (explaining that the rule that findings of fact "be supported by a residuum of legally competent evidence" means that findings "cannot be based solely on inadmissible hearsay," not that hearsay cannot "constitute legally competent evidence"). However, even assuming Claimant's testimony was hearsay, the Employer's argument fails because the Board's determination was supported by substantial legally competent evidence, *see infra* ¶¶ 8–9.

**3.** Interestingly, the Employer seeks to undermine the testimony from Claimant that it labels as "inadmissible hearsay" with its own arguably inadmissible hearsay evidence. *See* Utah R. Evid. 801(c) (" 'Hearsay' means a statement that: (c)(1) the declarant does not make while testifying at the current trial or hearing; and (c)(2) a party offers in evidence to prove the truth of the matter asserted in the statement.").

strength ibuprofen pills to inmates requesting over-the-counter pills because that was all the Employer had in stock, the Board found credible Claimant's testimony "that the Employer often retained prescription medication such as ibuprofen to use after an inmate left the facility" to keep as "on stock medications." The Board noted that the Employer "failed to provide credible first-hand testimony that this was not the case" and "failed to call the medical officer as a witness to counter the Claimant's testimony." Further, Claimant testified that he understood the medication policy as requiring an inmate's signature when the inmate is provided with his own prescription medication but that no signature is required when an inmate is given over-the-counter drugs. Because these ibuprofen pills, though prescription strength, were meant to act as "on hand stock" to satisfy requests for the over-the-counter variety, Claimant believed no signature was required. The Employer attempted to rebut this testimony with evidence of its new medical directive, which requires a signature every time any medication—prescription or otherwise—is given out. However, the Employer could not definitively prove that Claimant had actual knowledge of all of the details of the new directive because there was no record that Claimant attended any of the training sessions explaining the new directive.

¶9 Accordingly, the Board determined that Claimant believed he was providing medication in accordance with the medical officer's instructions and thereby complying with the Employer's expectations, making "his most serious misconduct ... his failure to properly document his actions." The Board then considered Claimant's work history with the Employer, noting that Claimant "seems to have been an excellent employee" who had never "received a warning or been disciplined for this sort of misconduct or for any misconduct" during his sixteen-year employment with the Employer. In light of his clean employment record, the Board concluded that the incident at issue was an isolated one "or a good faith error in judgment" and that the Employer "could have corrected the Claimant's conduct with a warning or a suspension." Accordingly, the Board held that the Employer did not satisfy the culpability element of the just cause analysis. *See* Utah Admin. Code R994–405–202(1) ("If the conduct was an isolated incident of poor judgment and there was no expectation it would be continued or repeated, potential harm may not be shown.").

¶10 Because the Employer has not properly marshaled the evidence, we assume that the record supports the Board's finding that Claimant's testimony was credible and that the Employer failed to establish culpability. We decline to disturb the Board's decision.