**2015 UT App 101**

# THE UTAH COURT OF APPEALS

JAMISON SIVULICH,
Petitioner,

*v.*

DEPARTMENT OF WORKFORCE SERVICES; WORKFORCE APPEALS
BOARD; AND AAA OF CALIFORNIA, NEVADA, AND UTAH,
Respondents.

Memorandum Decision
No. 20140015-CA
Filed April 23, 2015

Original Proceeding in this Court

Jamison Sivulich, Petitioner Pro Se

Amanda B. McPeck, Attorney for Respondent
Department of Workforce Services

JUDGE KATE A. TOOMEY authored this Memorandum Decision, in
which JUDGES STEPHEN L. ROTH and JOHN A. PEARCE concurred.

TOOMEY, Judge:

¶1      Jamison Sivulich challenges the Workforce Appeals
Board's (the Board) decision affirming the Administrative Law
Judge's (the ALJ) judgment denying his claim for unemployment
benefits. AAA of California, Nevada, and Utah (Employer)
terminated Sivulich's employment after discovering that he
violated its credit card policies by purchasing several high-priced
non-business items with company credit cards. The Board found
that because Employer discharged Sivulich for just cause, Sivulich
was not entitled to unemployment benefits and Employer was
relieved from benefit charges associated with Sivulich's claim. We
decline to disturb the Board's decision.

¶2      "'Whether the [Board] correctly or incorrectly denied
benefits is a traditional mixed question of law and fact.'" *Jex v.
Labor Comm'n*, 2013 UT 40, ¶ 15, 306 P.3d 799 (citation and internal
quotation marks omitted). We review the Board's conclusions of

law for correctness. *Drake v. Industrial Comm'n*, 939 P.2d 177, 181 (Utah 1997). But we defer to the Board's factual findings "if they are supported by substantial evidence when viewed in light of the whole record before the court." *Uintah County v. Department of Workforce Servs.*, 2014 UT App 44, ¶ 5, 320 P.3d 1103 (citation and internal quotation marks omitted). "[A] party challenging the Board's findings of fact must marshal[] all of the evidence supporting the findings and show that despite the supporting facts, and in light of the conflicting or contradictory evidence, the findings are not supported by substantial evidence." *Id.* (alterations in original) (citation and internal quotation marks omitted); *cf. State v. Nielsen*, 2014 UT 10, ¶ 42, 326 P.3d 645 (the Utah Supreme Court reiterating "that a party challenging a factual finding or sufficiency of the evidence . . . will almost certainly fail to carry its burden of persuasion on appeal if it fails to marshal").

¶3    Sivulich seems to argue that the Board misinterpreted Employer's "Travel & Entertainment" and "American Express Card" policies, erroneously found that Employer terminated Sivulich's employment with just cause, and inappropriately refused to allow Sivulich to submit new information and documents for consideration.[1] In his petition for judicial review,

---

1. On appeal from the ALJ's decision, Sivulich presented several pages of new evidence and several new allegations to the Board. The new evidence included a spreadsheet of Sivulich's approved expense reports, an email from a human resources employee, a letter he wrote to a coworker, and notes from a March 2013 meeting. Among other things, Sivulich alleged that his supervisor accused him of inappropriate expenses to cover the supervisor's own mistakes. Because the new evidence was available to Sivulich at the time of his hearing before the ALJ and he did not provide any explanation for failing to present this evidence before, the Board did not consider the new evidence on appeal, concluding that doing so "would be unfair to the other party if [it] accepted such new evidence, except under unusual or extraordinary circumstances."

he simply reargues his position that the Board's findings were wrong but does not identify how the evidence does not support the Board's findings. Moreover, Sivulich fails to carry his burden of persuasion on appeal because he inadequately briefs his arguments. Thus, we decline to address the merits of Sivulich's arguments.[2]

¶4    "If an appellant fails to adequately brief an issue on appeal, the appellate court may decline to consider the argument." *Jacob v. Cross*, 2012 UT App 190, ¶ 2, 283 P.3d 539 (per curiam). Rule 24 of the Utah Rules of Appellate Procedure requires that an appellant's brief include a table of authorities, Utah R. App. P. 24(a)(3); a "statement of the issues presented for review," *id.* R. 24(a)(5); a "citation to the record showing that the issue was preserved," *id.* R. 24(a)(5)(A); a "statement of the facts relevant to the issues presented for review . . . . supported by citations to the record," *id.* R. 24(a)(7); and an addendum with, among other things, "those parts of the record on appeal that are of central importance . . . , such as the . . . findings of fact and conclusions of law . . . or the contract or document subject to construction," *id.* R. 24(a)(11). Most importantly, rule 24(a)(9) requires an appellant to support the argument with the "authorities, statutes, and parts of the record relied on" including "all record evidence that supports the challenged finding[s]." *Id.* R. 24(a)(9). Sivulich did not comply with any of these requirements.

¶5    First, Sivulich failed to identify where in the record the issues presented on appeal were preserved for review. This is

_____

2. Even if we were to address the merits of Sivulich's arguments, based on the record, the Board's findings and conclusions of law are supported by substantial evidence. The evidence establishes that Sivulich made numerous non-business purchases using company credit cards, knowing he was not authorized to do so, and thereby jeopardized Employer's interests. Moreover, Sivulich had a full and fair opportunity to provide his evidence to the ALJ, and the Board did not abuse its discretion in refusing to consider new evidence.

especially important because "[i]t is well settled that issues not raised before the [forum below] are waived on appeal." *Whitear v. Labor Comm'n*, 973 P.2d 982, 985 (Utah Ct. App. 1998). Second, although Sivulich repeatedly referred to Employer's "Travel & Entertainment" and "American Express Card" policies, he did not attach the documents in an addendum and largely failed to cite the record as the rule requires. By not citing the record, the task of combing through the record is improperly left to this court. Finally, Sivulich failed to cite any legal authority to support his argument. "As a result, the issues are inadequately briefed because he has completely shifted the burden of researching the record and applicable law to the court." *Jacob*, 2012 UT App 190, ¶ 3; *see also Phillips v. Hatfield*, 904 P.2d 1108, 1109–10 (Utah Ct. App. 1995). "An appellate court is not a depository in which [a party] may dump the burden of argument and research." *Allen v. Friel*, 2008 UT 56, ¶ 9, 194 P.3d 903 (alteration in original) (citation and internal quotation marks omitted).

¶6      We recognize that Sivulich is a self-represented party and is therefore "entitled to 'every consideration that may reasonably be indulged.'" *Id.* ¶ 11 (quoting *Nelson v. Jacobsen*, 669 P.2d 1207, 1213 (Utah 1983)). But "reasonable indulgence is not unlimited indulgence" and does not require this court "to redress the ongoing consequences of the party's decision to function in a capacity for which he is not trained." *Id.* (internal quotation marks omitted). Moreover, "a party who represents himself will be held to the same standard of knowledge and practice as any qualified member of the bar." *Id.* (citation and internal quotation marks omitted). Therefore, even considering Sivulich has appeared pro se, he fails to meet his burden of demonstrating error because he provided too little information for the court to analyze the issues raised on appeal.

¶7      We decline to disturb the Board's decision.

———————