2014 UT App 63

Kyle STAUFFER, Petitioner,

v.

## DEPARTMENT OF WORKFORCE SERVICES, Respondent.

No. 20130541–CA.

Court of Appeals of Utah.

March 20, 2014.

---

**110**

Kyle Stauffer, Petitioner Pro Se.

Kathleen Bounous, Attorney for Respondent.

Judge JAMES Z. DAVIS authored this Memorandum Decision, in which Judges STEPHEN L. ROTH and MICHELE M. CHRISTIANSEN concurred.

Memorandum Decision

DAVIS, Judge:

¶ 1 Kyle Stauffer challenges the Workforce Appeals Board's (the Board) decision denying him unemployment benefits on the basis that he was an independent contractor. We decline to set aside the Board's decision.

¶ 2 In May 2009, Stauffer approached Salt Lake Private Detectives/Statewide Process Servers (Employer) about working as a process server. Prior to being hired by Employer and occasionally throughout his association with Employer, Stauffer also served process for various other companies. In the summer of 2012, Employer terminated its association with Stauffer, and in August of that year, Stauffer filed for unemployment benefits.

¶ 3 Employer argued against an award of unemployment benefits, claiming that Stauffer was an independent contractor rather than an employee. An auditor was assigned to the case and determined that Stauffer was not an independent contractor. A hearings officer affirmed the auditor's determination, and an administrative law judge (ALJ) affirmed the hearings officer. Finally, Employer appealed the ALJ's decision to the Board. The Board reversed the ALJ, concluding that Stauffer was an independent contractor. Stauffer now seeks review of that decision.

¶ 4 First, Stauffer asserts that the Board exceeded its discretion by weighing

the evidence and making credibility determinations. In doing so, he assumes that the Board was bound by the same standard of review as an appellate court reviewing the decision of an agency and that the Board was therefore precluded from reversing the ALJ's decision unless it determined that the ALJ's findings were not supported by substantial evidence. *See, e.g., Drake v. Industrial Comm'n*, 939 P.2d 177, 181 (Utah 1997) (explaining that appellate courts reverse an administrative agency's findings of fact "only if the findings are not supported by substantial evidence"); *Albertsons, Inc. v. Department of Emp't Sec.*, 854 P.2d 570, 575 (Utah Ct.App.1993) ("It is not [the appellate court's] role to judge the relative credibility of witnesses."). However, an administrative appeals board is not bound by that standard and may request and consider additional evidence, Utah Code Ann. § 35A–1–304(2) (LexisNexis 2011), render a decision on issues falling outside the scope of the appeal, Utah Admin. Code R994–508–305(1), and "make its own findings on the credibility of the evidence presented," *United States Steel Corp. v. Industrial Comm'n*, 607 P.2d 807, 811 (Utah 1980). *See Uintah Cnty. v. Department of Workforce Servs.*, 2014 UT App 44, ¶¶ 3–4, 320 P.3d 1103 (rejecting the petitioner's argument that the Board was prohibited from making its own credibility determinations contrary to those of the ALJ). Thus, the Board did not exceed its discretion in reweighing the evidence and making its own credibility findings in reaching its decision.

¶ 5 Stauffer next asserts that the Board's findings were not supported by substantial evidence. "When a petitioner challenges an agency's findings of fact, we are required to uphold the findings if they are supported by substantial evidence when viewed in light of the whole record before the court." *VanLeeuwen v. Industrial Comm'n*, 901 P.2d 281, 284 (Utah Ct.App. 1995) (citations and internal quotation marks omitted). *See generally Acosta v. Labor Comm'n*, 2002 UT App 67, ¶ 29, 44 P.3d 819 ("Substantial evidence has been defined as that quantum and quality of relevant evidence that is adequate to convince a reasonable mind to support a conclusion." (citation and internal quotation marks omitted)). "[A]

party challenging the Board's findings of fact must marshal[ ] all of the evidence supporting the findings and show that despite the supporting facts, and in light of the conflicting or contradictory evidence, the findings are not supported by substantial evidence." *Grace Drilling Co. v. Board of Review of the Indus. Comm'n*, 776 P.2d 63, 68 (Utah Ct. App.1989) (emphasis omitted).

¶ 6 In order to demonstrate that a person is an independent contractor, an employer must demonstrate both that the person "is customarily engaged in an independently established trade, occupation, profession, or business of the same nature as that involved in the contract of hire for services" and that the person "has been and will continue to be free from control or direction over the means of performance of those services." Utah Code Ann. § 35A–4–204(3) (LexisNexis 2011); *see also* Utah Admin. Code R994–204–303 (outlining factors relevant to a determination of whether an individual is an independent contractor). The Board's findings of fact included the following findings regarding Stauffer's relationship with Employer: (1) Stauffer "represented himself to the Employer as a process server operating under his own business" and "informed the Employer he was providing similar services for other companies"; (2) Stauffer "was paid a flat rate per paper served" and "listed Stauffer Co., LLC on his invoices to the Employer"; (3) Stauffer "did not provide private investigative services for the Employer"; (4) Stauffer "purchased and used his own vehicle, paid for the fuel expenses and maintenance of the vehicle," "paid for his own cell phone and service plan," and "purchased a GPS system to help him locate addresses where papers needed to be served"; (5) Stauffer "provided similar services to other clients" while working for Employer and represented himself to at least one of those clients as operating under Stauffer Co., LLC; (6) Stauffer "was not required to work a certain schedule or set hours"; (7) weekly meetings held by Employer for its process servers were optional, and Employer did not provide formal training at these meetings; and (8) Stauffer submitted worksheets to Employer listing "the services completed and the charges for each

service" in order to receive payment. Based on these findings, the Board determined that Stauffer's process-serving business was independently established and that Employer did not direct or control Stauffer in the performance of his services.

¶7 Stauffer challenges the Board's findings that he represented himself to Employer as operating his own business—Stauffer Co., LLC—and providing services to other companies; that he listed Stauffer Co., LLC on his invoices to Employer; that he submitted only one document into evidence in support of his claim that he provided services other than process serving to Employer; that he conducted business for another client using a service paper with Employer's name on it; and that he was paid by submitting a list of services completed and charges for those services to Employer. The Board concedes that two of its findings—that Stauffer had listed Stauffer Co., LLC on his invoices to Employer and that he submitted only one document evidencing his provision of other services to Employer—were not supported by substantial evidence, but we agree with the Board that these two minor errors are harmless and do not undermine its decision.

¶8 As to the other challenged findings, Stauffer has failed to marshal the evidence supporting them and merely challenges the Board's determination that Employer's owner was a more credible witness than Stauffer. *See Grace Drilling*, 776 P.2d at 68. As discussed above, it is within the Board's authority to "make its own findings on the credibility of the evidence presented," regardless of the ALJ's credibility findings. *United States Steel*, 607 P.2d at 811. We will defer to the Board's findings so long as "there is substantial evidence furnishing a reasonable basis for such findings." *Id.* at 810. Here, Employer's owner testified that Stauffer had represented himself as the owner of Stauffer Co., LLC when he first solicited Employer as a client and that he informed Employer that he was doing process service for other companies. Additionally, evidence was presented that Stauffer represented himself to other clients as the owner of Stauffer Co., LLC.

Employer's owner also testified that Stauffer had inappropriately used a service paper with Employer's name when serving process for another employer and that Stauffer provided a worksheet listing his services in order to be paid by Employer. The testimony from Employer's owner constituted substantial evidence supporting the above-challenged findings, and we will not second-guess the Board's credibility determinations. *See Albertsons*, 854 P.2d at 575.

¶9 In sum, it was within the Board's authority to weigh the conflicting evidence and make its own credibility determinations, even though its determinations were contrary to those of the ALJ. Furthermore, the findings Stauffer challenges were either harmless or supported by substantial evidence. Accordingly, we decline to disturb the Board's decision reversing the ALJ and denying Stauffer unemployment benefits.