**2014 UT App 216**

### THE UTAH COURT OF APPEALS

DAVID J. YARRINGTON,
Petitioner,
*v.*
DEPARTMENT OF WORKFORCE SERVICES,
Respondent.

Per Curiam Decision
No. 20140500-CA
Filed September 11, 2014

Original Proceeding in this Court

David J. Yarrington, Petitioner Pro Se

Suzan Pixton, Attorney for Respondent

Before JUDGES GREGORY K. ORME, J. FREDERIC VOROS JR., and
SENIOR JUDGE PAMELA T. GREENWOOD.[1]

PER CURIAM:

¶1     David J. Yarrington seeks review of the Workforce Appeals
Board's (the Board) decision denying him unemployment benefits
and establishing a fault overpayment. We do not disturb the
Board's decision.

¶2     A claimant is not eligible to receive unemployment benefits
unless he is able and available for full-time work. Utah Code Ann.
§ 35A-4-403(1)(c) (LexisNexis Supp. 2013). If it is determined that,
by reason of a claimant's fault, benefits are paid to which a

---

1. The Honorable Pamela T. Greenwood, Senior Judge, sat by
special assignment as authorized by law. *See generally* Utah Code
Jud. Admin. R. 11-201(6).

claimant was not entitled, the claimant shall repay the benefits received. *Id.* § 35A-4-406(4)(b) (LexisNexis 2011). In *Carbon County v. Workforce Appeals Bd.*, 2013 UT 41, 308 P.3d 477, the Utah Supreme Court stated the standard of review to be used in reviewing the Board's decision on a request for unemployment benefits. *Id.* ¶ 7. Such a determination is reviewed as a mixed question of fact and law that is more fact-like because the "case does not lend itself to consistent resolution by a uniform body of appellate precedent." *Id.* (citation and internal quotation marks omitted). Accordingly, the Board's determinations are entitled to deference because "the appellate court would be in an inferior position to review the correctness of the . . . decision." *Id.* (citation and internal quotation marks omitted). "Because of the fact-intensive conclusions involved at the agency level," the Board's determination that Yarrington was ineligible for benefits because he was not able and available for work, as well as its determination of a fault overpayment, is entitled to deference. *See id.*

¶3      To the extent that Yarrington's docketing statement filed in this court challenges a fraud penalty imposed in the decision of the Administrative Law Judge (ALJ), that claim is moot. While the Board affirmed the ALJ's decision denying benefits due to Yarrington's inability to work full time, the Board modified the overpayment and penalty totaling $17,606 to only a fault overpayment in the amount of $8,806. Accordingly, our review is limited to considering the challenge to the disqualification from receiving future benefits and the imposition of a fault overpayment in the amount of benefits actually received.

¶4      After knee surgery in November 2012, Yarrington took a leave of absence. He did not return to work before being laid off in February 2013. He filed a claim for unemployment benefits and began receiving benefits effective February 24, 2013. He filed for Social Security Disability Benefits (SSDI) on April 1, 2013. When Yarrington filed his application for SSDI, he was asked if he certified that he was unable to work due to "illness, injuries or conditions that have lasted or are expected to last at least 12

months." He answered affirmatively. At the same time, Yarrington was filing weekly claims for unemployment benefits on which he stated he was able and available for full-time work. He testified that he was told by a representative of the Social Security Administration (the SSA) that he could receive unemployment benefits while receiving SSDI benefits. He did not contact anyone at the Department of Workforce Services (the Department) to ask about his eligibility to collect unemployment benefits while claiming to be disabled and unable to work. After learning that Yarrington had applied for SSDI, the Department determined that Yarrington was ineligible to receive unemployment benefits because he was not able and available for work, and it began proceedings to recover its overpayment.

¶5     The Department's rules provide that a claimant must have no physical or mental health limitations that would preclude immediate acceptance of full-time work. Utah Admin. Code R994-403-111c. The Department and the Board have determined that a claimant who files an application for SSDI representing to the SSA that he is disabled is necessarily unable to work is necessarily unavailable for full-time work and therefore is disqualified from receiving benefits. Regardless of any statements made by the SSA representative, that federal agency does not set or interpret the rules for receipt of unemployment benefits through the Utah Department of Workforce Services. It is undisputed that Yarrington told the SSA that he was disabled and unable to work, while at the same time he told the Department that he was able and available for work and was seeking work.[2] Yarrington received unemployment benefits after he filed for disability benefits. We

---

2. At the time of the hearing before the ALJ, Yarrington had been denied SSDI benefits and was appealing that decision. The Board's decision stated that Yarrington could ask to have his unemployment claim reconsidered if he was denied SSDI. The Board stated that he could not overcome the presumption of inability to work as long as he was pursuing disability benefits from the SSA.

defer to the Board's conclusion that Yarrington was not able and available to work and therefore was not eligible for benefits. If Yarrington had correctly reported the facts, benefits would not have been paid. Accordingly, the Board correctly assessed an overpayment. While the Board noted that the Department "ordinarily" establishes a fraud overpayment under these circumstances, the Board stated that it believed only a fault overpayment was appropriate under the facts.

¶6     Accordingly, we decline to disturb the Board's decision.

——————