**2014 UT App 262**

# THE UTAH COURT OF APPEALS

DAVID J. MULHOLLAND,
Petitioner,
*v.*
DEPARTMENT OF WORKFORCE SERVICES,
Respondent.

Per Curiam Decision
No. 20140784-CA
Filed November 14, 2014

Original Proceeding in this Court

David J. Mulholland, Petitioner Pro Se

Suzan Pixton, Attorney for Respondent

Before JUDGES JAMES Z. DAVIS, MICHELE M. CHRISTIANSEN, and
KATE A. TOOMEY.

PER CURIAM:

¶1     David J. Mulholland petitions for review of the Workforce
Appeals Board's (the Board) decision denying him unemployment
benefits. We decline to disturb the Board's decision.

¶2     The Board's decision on a request for unemployment
benefits is a mixed question of fact and law that is more fact-like
because "the case does not lend itself to consistent resolution by a
uniform body of appellate precedent." *Carbon Cnty. v. Workforce
Appeals Bd.*, 2013 UT 41, ¶ 7, 308 P.3d 477 (citation and internal
quotation marks omitted). "Because of the fact-intensive
conclusions involved at the agency level," the Board's
determination is entitled to deference. *Id.* "When a petitioner
challenges an agency's findings of fact, we are required to uphold
the findings if they are supported by substantial evidence when

viewed in light of the whole record before the court." *Stauffer v. Department of Workforce Servs.*, 2014 UT App 63, ¶ 5, 325 P.3d 109 (citations and internal quotation marks omitted).

¶3 The Department of Workforce Services denied unemployment benefits because it found that Mulholland voluntarily quit his job without good cause. An administrative law judge (ALJ) affirmed that denial, and the Board affirmed the decision to deny benefits. "To establish good cause, a claimant must show that continuing the employment would have caused an adverse effect which the claimant could not control or prevent. The claimant must show that an immediate severance of the employment relationship was necessary." Utah Admin. Code R994-405-102. An adverse effect requires a showing of "actual or potential physical, mental, economic, personal or professional harm caused or aggravated by the employment." *Id.* R994-405-102(1)(a). Good cause is not established if the claimant reasonably could have continued working while looking for other employment, or had reasonable alternatives to preserve the job. *Id.* R994-405-102(1)(b). "The claimant's decision to quit must be measured against the actions of an average individual, not one who is unusually sensitive." *Id.* R994-405-102(1)(a).

¶4 Mulholland quit his job as a part-time tech associate at Staples due to persistent problems with a supervisor. Although Mulholland characterized his supervisor's behavior as abusive and harassing, he did not demonstrate an adverse effect that could not be controlled or prevented and that necessitated immediate severance, nor did he demonstrate that he could not have remained employed while he sought other work. His problems with the supervisor had been going on for roughly a year, but Mulholland claimed that a precipitating event for his decision to quit was the supervisor altering his time sheet to remove thirty minutes from Mulholland's time worked. This happened once, and it was promptly addressed by the store manager, who obtained payment for Mulholland and told the supervisor not to change the time sheet again. Mulholland admitted that the supervisor did not

change his time sheet again after that incident. However, Mulholland continued to feel that his paycheck was not secure. In his memorandum, Mulholland repeatedly asserts that the ALJ and later the Board fabricated facts to support the denial of benefits. These statements are inappropriate and also without merit because the factual findings are supported by substantial evidence in the record before us. Even if Mulholland had determined that he no longer wanted to work at Staples as a result of his ongoing conflicts with the supervisor, the Board's determination that he failed to demonstrate good cause to quit rather than remaining employed while he looked for another job is entitled to deference. Accordingly, we do not disturb the Board's decision that Mulholland did not demonstrate good cause to quit his job and was not entitled to benefits.

¶5    Where a claimant does not demonstrate good cause, "the equity and good conscience standard must be considered. . . . If there are mitigating circumstances or a denial of benefits would be unreasonably harsh or an affront to fairness, benefits may be allowed." *Id.* R994-405-103(1). However, a claimant must have acted reasonably in quitting. *Id.* A claimant's actions may be reasonable "if the decision to quit was logical, sensible, or practical." *Id.* R994-405-103(1)(a). Mulholland's arguments that benefits should be allowed are based upon his assertion that he needed benefits to support his family. However, Mulholland himself created that need by quitting his job without good cause. We decline to disturb the Board's decision that an award of benefits was not merited under the equity and good conscience standard.

¶6    We decline to disturb the Board's decision denying benefits.

————