**2014 UT App 273**

# THE UTAH COURT OF APPEALS

KALLIE MILES,
Petitioner,

*v.*

DEPARTMENT OF WORKFORCE SERVICES,
Respondent.

Per Curiam Decision
No. 20140735-CA
Filed November 20, 2014

Original Proceeding in this Court

Kallie Miles, Petitioner Pro Se

Suzan Pixton, Attorney for Respondent

Before JUDGES STEPHEN L. ROTH, MICHELE M. CHRISTIANSEN,
and KATE A. TOOMEY.

PER CURIAM:

¶1     Kallie Miles seeks judicial review of a decision of the Workforce Appeals Board determining that it lacked jurisdiction to consider her request to reopen her case because it was not timely filed and Miles presented no good cause to excuse her untimely filing. This case is before the court on a sua sponte motion for summary disposition. We decline to disturb the Board's decision.

¶2     The Board's decision on a request for unemployment benefits involves a mixed question of fact and law that is more fact-like because "the case does not lend itself to consistent resolution by a uniform body of appellate precedent." *Carbon County v. Workforce Appeals Bd.*, 2013 UT 41, ¶ 7, 308 P.3d 477 (citation and internal quotation marks omitted). "Because of the fact-intensive conclusions involved at the agency level," the Board's determina-

tion is entitled to deference. *See id.* "When a petitioner challenges an agency's findings of fact, we are required to uphold the findings if they are supported by substantial evidence when viewed in light of the whole record before the court." *Stauffer v. Department of Workforce Servs.*, 2014 UT App 63, ¶ 5, 325 P.3d 109 (citation and internal quotation marks omitted).

¶3      The Department of Workforce Services issued two decisions: first, a determination that Miles did not accept all suitable work and therefore was not able and available for full-time work and, second, a determination that Miles committed fraud by failing to report that she was not able and available for full-time work when filing two weekly claims for benefits. After Miles appealed the decisions, the Department scheduled a hearing before an administrative law judge (ALJ). The hearing notice required Miles to confirm that she would participate no later than twenty-four hours before the hearing. Miles failed to confirm or participate in the first scheduled hearing. The ALJ issued its first order of default, which advised Miles that she could request to reopen the hearing within ten days. Miles timely requested reopening, and a second hearing was scheduled. Miles again failed to confirm or participate in the hearing, and an ALJ issued a second order of default. Miles again timely requested reopening, and the hearing was again rescheduled. Miles again failed to confirm or participate in the hearing, and the third order of default issued. The order of default again clearly stated that the decision would become final if she did not request reopening within ten days. Thirty-three days later, Miles filed an appeal to the Board of the then-final order of default. Although the Board allowed Miles an opportunity to provide information that might establish good cause for the late filing of her request to reopen the hearing, Miles failed to provide any information. The Board concluded that the request was untimely without good cause and that the Board lacked jurisdiction to consider the appeal further.

¶4      A request to reopen a hearing must be filed within ten days of the issuance of the order of default. Utah Admin. Code R994-

508-117(3). "If the request is made after the expiration of the ten-day time limit, but within 30 days, the party requesting reopening must show cause for not making the request within ten days." *Id.* Miles provided no reason for her late filing of a request to reopen the hearing, although the order of default clearly outlined the reopening procedures and she had utilized the same procedures after the first and second orders of default. We defer to the Board's finding that Miles was not prevented from filing a timely request by circumstances that were beyond her control. *See id.* R994-508-104(2). We also defer to the Board's determination that it could not "find the circumstances surrounding her late request were compelling and reasonable." *Id.* R994-508-104(3). Finally, we defer to the Board's determination that there was no other basis under the facts of the case to justify an exercise of continuing jurisdiction over the appeal. As a result, the Department's decisions denying benefits and assessing a fraud overpayment and statutory penalty remain in effect.

¶5      In response to our sua sponte motion, Miles failed to address the actual basis for the Board's decision, which was the result of her repeated failure to participate in a hearing on the merits of her appeal of the Department's decisions and her failure to timely request to reopen the hearing on her appeal. We decline to disturb the Board's decision.

––––––––––