**2014 UT App 292**

## THE UTAH COURT OF APPEALS

BILQUIS DHEDHY,
Petitioner,
*v.*
DEPARTMENT OF WORKFORCE SERVICES,
Respondent.

Per Curiam Decision
No. 20140183-CA
Filed December 18, 2014

Original Proceeding in this Court

Bilquis Dhedhy, Petitioner Pro Se

Suzan Pixton, Attorney for Respondent

Before JUDGES STEPHEN L. ROTH, JOHN A. PEARCE,
and KATE A. TOOMEY.

PER CURIAM:

¶1     Bilquis Dhedhy seeks review of the final decision of the Workforce Appeals Board (the Board). Dhedhy asserts that the Board erred in determining that she quit her position without good cause, thereby making her ineligible for unemployment benefits.

¶2     The Board's decision concerning whether a person voluntarily quit her employment and the associated inquiries concerning that person's qualification for benefits are mixed questions of fact and law that are more fact-like because the case "does not lend itself to consistent resolution by a uniform body of appellate precedent." *Carbon County v. Workforce Appeals Bd.*, 2013 UT 41, ¶ 7, 308 P.3d 477 (citation and internal quotation marks omitted). "Because of the fact-intensive conclusions involved at the agency level," the Board's determination in such matters is entitled

to deference. *Id.* "When a petitioner challenges an agency's findings of fact, we are required to uphold the findings if they are supported by substantial evidence when viewed in light of the whole record before the court." *Stauffer v. Department of Workforce Servs.*, 2014 UT App 63, ¶ 5, 325 P.3d 109 (citations and internal quotation marks omitted).

¶3      Dhedhy argues that the Board erred in its determination that she quit her employment. The record supports the Administrative Law Judge's (ALJ) and the Board's findings. Specifically, the employer presented extensive testimony concerning Dhedhy's comments to numerous employees about her decision to quit her employment on September 20, 2013. Dhedhy repeatedly maintained that she was resigning and that the only reason for delay was her need to prepare a letter of resignation. The employer met with Dhedhy on September 20, 2013, to discuss the contents of certain electronic conversations she was having with other employees and the status of her employment. She continued to maintain during that meeting that she intended to quit. Because the employer was worried about Dhedhy's truthfulness and the potential for disruption to those around her, the employer decided to accept her resignation on that day. The testimony demonstrated that during that meeting, Dhedhy never equivocated her desire to quit her employment or otherwise informed the employer that she merely wished to be transferred to another division. Accordingly, based on the evidence presented, we cannot disagree with the Board's determination Dhedhy voluntarily quit her employment.

¶4      A claimant who voluntarily quits employment may still be entitled to benefits if she shows good cause for the separation or if denying benefits would be contrary to equity and good conscience. *See* Utah Admin Code. R994-405-101(3). "To establish good cause, a claimant must show that continuing the employment would have caused an adverse effect which the claimant could not control or prevent. The claimant must show that an immediate severance of the relationship was necessary." *Id.* R994-405-102. Further, even if an adverse effect is shown, good cause may not be found if the

claimant reasonably could have continued working while looking for other employment. *See id.* R994-405-102(1)(b). The Board determined that Dhedhy failed to demonstrate that she had good cause to quit her employment. Specifically, in explaining her actions, Dhedhy provided two examples of statements that she found hostile. The Board found that while Dhedhy may have been offended by the statements, the statements were not hostile or evidence of discrimination. Further, the only evidence that Dhedhy presented concerning how she was being discriminated against was her own testimony. However, the Board did not find Dhedhy credible in many of her statements. Thus, the Board determined that because of the lack of credible evidence demonstrating discrimination, it could not conclude that Dhedhy had demonstrated an undue hardship associated with maintaining her employment. Based on the deference we afford such decisions, we cannot conclude that the Board erred in making this determination.

¶5     Additionally, the Board determined that denying benefits in this case would not be contrary to equity and good conscience. *See id.* R994-405-103. To meet this standard, a claimant must demonstrate that her actions were reasonable and that there were mitigating circumstances that would make the denial of benefits an affront to fairness. *See id.* R994-405-103(1)(a). As stated above, the Board found Dhedhy's account of discrimination and her claims that she was subjected to a hostile work environment to not be credible. Accordingly, it determined that Dhedhy failed to demonstrate any mitigating circumstance that would meet the equity and good conscience standard. Further, the Board could not say that Dhedhy's actions in repeatedly telling her employer that she was quitting when, according to her, the opposite was true, were reasonable. Based on the record before us, we cannot say that the Board abused its discretion in so concluding.

¶6     Accordingly, we decline to disturb the Board's final decision.

———————