2015 UT App 201

# THE UTAH COURT OF APPEALS

KEVIN A. UNCK,
Petitioner,

*v.*

DEPARTMENT OF WORKFORCE SERVICES,
Respondent.

Per Curiam Decision
No. 20150043-CA
Filed August 13, 2015

Original Proceeding in this Court

Kevin A. Unck, Petitioner Pro Se

Suzan Pixton, Attorney for Respondent

Before JUDGES STEPHEN L. ROTH JOHN A. PEARCE, and
KATE A. TOOMEY.

PER CURIAM:

¶1    Kevin A. Unck seeks review of the Workforce Appeals Board's (the Board) final decision (1) ordering Unck to repay unemployment benefits because he was not able or available for full-time work, and (2) imposing a penalty for fraud.

¶2    In *Carbon County v. Workforce Appeals Board*, 2013 UT 41, 308 P.3d 477, our supreme court set forth the standard of review for reviewing the Board's decision concerning a person's request for unemployment benefits. *See id.* ¶ 7. Specifically, such a determination is reviewed as a mixed question of fact and law that is more fact-like because "this case 'does not lend itself to consistent resolution by a uniform body of appellate precedent.'" *Id.* (citation omitted). Accordingly, the Board's determinations are entitled to deference because "'the appellate court would be in an inferior position to review the "correctness" of the . . . decision.'" *Id.* (citation omitted). The Board's determination of

fraud involves the same fact-like inquiry. Accordingly, both the Board's decision concerning Unck's entitlement to benefits and the Board's determination of fraud are entitled to deference.

¶3     Unck filed a claim for unemployment benefits effective October 13, 2013. He indicated that he was available for full-time work and was making active searches for work. However, in January of 2014, Unck applied for Social Security Disability Benefits (SSDI). In his application he reported that he was unable to work since October 14, 2013, one day after he applied for unemployment benefits. He also reported that he continued to be unable to work. Unck testified that an employee of the Social Security Administration (the SSA) informed him that his application for disability benefits would not interfere with his claims for unemployment benefits.

¶4     At one point Unck briefly obtained employment as a truck driver but was immediately let go because federal regulations prohibited anyone who relied on a medication Unck was taking from being employed as a driver that is required to cross state lines. While he was receiving unemployment benefits Unck also applied for paralegal positions. However, Unck admitted that he probably did not have the skill-set necessary for such positions. Additionally, after Unck's unemployment benefits expired, Unck obtained an opinion from a doctor indicating that he was unable to work.

¶5     To be eligible for unemployment benefits, the Department of Workforce Services' rules require that a claimant must have no physical or mental health limitations that would preclude immediate acceptance of full-time work. Utah Admin. Code R994-403-111c. "The Department and the Board have determined that a claimant who files an application for SSDI representing to the SSA that he is disabled [and] unable to work is necessarily unavailable for full-time work and therefore is disqualified from

receiving benefits." *Yarrington v. Department of Workforce Services*, 2014, UT App 216, ¶ 5, 335 P.3d 930 (per curiam).

¶6    We cannot say that the Board abused its discretion in determining that Unck was unable to work. Specifically, Unck applied for SSDI benefits stating that he was unable to work, he could not be hired as an interstate driver due to certain medications he was taking, and immediately after Unck's unemployment benefits ended, Unck obtained an opinion from a doctor stating that Unck did not have the ability to work full-time. Further, while Unck did apply for paralegal positions, the Board found that these job searches were not made in good faith because "the Claimant lacks the skills and ability to work as a paralegal." Thus, evidence supports the Board's determination concerning Unck's eligibility for benefits.

¶7    Unck next claims that the Board erred in imposing a penalty for fraud. To establish fraud, the Department must establish three elements: materiality, knowledge, and willfulness. *See* Utah Admin. Code R994-406-401(1). "Materiality is established when a claimant makes false statements or fails to provide accurate information for the purpose of obtaining . . . any benefit payment to which the claimant is not entitled." *Id.* R994-406-401(1)(a)(i)(A). Knowledge is established when the claimant knew or should have known that the information submitted to the Department was incorrect or that the claimant failed to provide required information. *See id.* R994-406-401(1)(b). Finally, "[w]illfulness is established when a claimant files claims or other documents containing false statements, responses or deliberate omissions." *Id.* R994-406-401(1)(c).

¶8    The Board determined that Unck provided false information by submitting claims stating that he was able to work. It further determined that Unck should have known that information was incorrect. Evidence in the record supports these determinations. Unck submitted claims indicating that he was

able to work when he knew that he was unable to work due to his various ailments. Unck argues that he did not commit fraud because an individual from the SSA informed him that his application for disability benefits would not affect his unemployment benefits. However, in *Yarrington* we concluded that statements made by a SSA representative are immaterial to a determination of whether a person is entitled to unemployment benefits under Utah law, as any inquiries concerning benefits should be directed to the Department. *See Yarrington*, 2014 UT App 216, ¶ 5. Thus, a claimant cannot reasonably rely on statements made by persons with no connection to the Department. Accordingly, evidence also supports the Board's determination to impose a fraud penalty against Unck.

¶9      For these reasons we decline to disturb the decision of the Board.

––––––––––––