2015 UT App 277

## THE UTAH COURT OF APPEALS

RICHARD WHITE,
Petitioner,

*v.*

DEPARTMENT OF WORKFORCE SERVICES,
Respondent.

Per Curiam Decision
No. 20150494-CA
Filed November 19, 2015

Original Proceedings in this Court

Richard White, Petitioner Pro Se

Suzan Pixton, Attorney for Respondent
Department of Workforce Services

Before JUDGES GREGORY K. ORME, J. FREDERIC VOROS JR., and
MICHELE M. CHRISTIANSEN.

PER CURIAM:

¶1     Richard White petitions for review of the Workforce Appeals Board's (the Board) decision denying him unemployment benefits. We decline to disturb the Board's decision.

¶2     The Board's decision on a request for unemployment benefits is a mixed question of fact and law that is more fact-like because "the case does not lend itself to consistent resolution by a uniform body of appellate precedent." *See Carbon County v. Workforce Appeals Bd.*, 2013 UT 41, ¶ 7, 308 P.3d 477 (citation and internal quotation marks omitted). "Because of the fact-intensive conclusions involved at the agency level," the Board's determination is entitled to deference. *See id.* "When a petitioner challenges an agency's findings of fact, we are required to uphold the findings if they are supported by substantial

evidence when viewed in light of the whole record before the court." *Stauffer v. Department of Workforce Servs.*, 2014 UT App 63, ¶ 5, 325 P.3d 109 (citations and internal quotation marks omitted).

¶3 The Department of Workforce Services denied unemployment benefits because it found that White voluntarily quit his job without good cause. An administrative law judge (ALJ) affirmed that denial, and the Board affirmed the decision to deny benefits. "To establish good cause, a claimant must show that continuing the employment would have caused an adverse effect which the claimant could not control or prevent. The claimant must show that an immediate severance of the employment relationship was necessary." Utah Admin. Code R994-405-102. Establishing an adverse effect requires a showing of "actual or potential physical, mental, economic, personal or professional harm caused or aggravated by the employment." *Id.* R994-405-102(1)(a). Good cause is not established if the claimant reasonably could have continued working while looking for other employment, or had reasonable alternatives to preserve the job. *Id.* R994-405-102(1)(b). "The claimant's decision to quit must be measured against the actions of an average individual, not one who is unusually sensitive." *Id.* R994-405-102(1)(a). "If a claimant hears rumors or other information suggesting he . . . is to be . . . discharged, the claimant has the responsibility to confirm, prior to leaving, that the employer intended to end the employment relationship." *Id.* R994-405-106(5).

¶4 On the morning of White's last work day, his supervisor gave White a disciplinary warning because he left some work unfinished on the previous day, which had to be completed by others. The supervisor told White that he would be fired if he did not properly complete his work or let someone else know if he could not do so. White worked the remainder of the day, but he did not return to work on the following day or thereafter and also did not contact the employer again. He instead filed a claim for unemployment benefits, representing that he had been fired.

¶5 At the hearing before the ALJ, White stated that he believed that he had been fired. The supervisor testified that White was given a warning, but that he was not discharged or fired, and that White completed the work day. The ALJ found the supervisor's testimony to be more credible that White's and found that White had voluntarily quit without good cause. The Board affirmed this determination. We defer to the agency's determination of credibility and do not disturb the Board's credibility determination. *See Grace Drilling Co. v. Board of Review*, 776 P.2d 63, 68 (Utah Ct. App. 1989) ("It is the province of the Board, not appellate courts, to resolve conflicting evidence, and where inconsistent inferences can be drawn from the same evidence, it is for the Board to draw the inferences.").

¶6 Where a claimant does not demonstrate good cause for voluntarily quitting his employment, "the equity and good conscience standard must be considered . . . . If there are mitigating circumstances and a denial of benefits would be unreasonably harsh or an affront to fairness, benefits may be allowed." *Id.* R994-405-103(1). However, a claimant must have acted reasonably in quitting. *Id.* R994-405-103(1)(a). A claimant's actions may be reasonable "if the decision to quit was logical, sensible, or practical." *Id.* White did not demonstrate any reason that required him to leave his job before securing other employment. Although he stated that he believed he had been fired, this was inconsistent with his remaining at work the rest of his last day. He was obligated to confirm with the employer whether or not he was still employed. We do not disturb the Board's decision that an award of benefits was not merited under the equity and good conscience standard.

¶7 For the reasons explained above, we decline to disturb the Board's decision denying benefits.

———————