**2015 UT App 298**

## THE UTAH COURT OF APPEALS

YURIY YUDIN,
Petitioner,

*v.*

DEPARTMENT OF WORKFORCE SERVICES,
Respondent.

Per Curiam Decision
No. 20150864-CA
Filed December 17, 2015

Original Proceeding in this Court

Yuriy Yudin, Petitioner Pro Se

Suzan Pixton, Attorney for Respondent

Before JUDGES GREGORY K. ORME, MICHELE M. CHRISTIANSEN,
and KATE A. TOOMEY.

PER CURIAM:

¶1 Petitioner Yuriy Yudin seeks judicial review of a decision of the Workforce Appeals Board (the Board), which affirmed the Department of Workforce Services' (the Department) decision to deny Yudin unemployment benefits. We decline to disturb the Board's decision.

¶2 The Board's decision on a request for unemployment benefits is a mixed question of fact and law that is more fact-like because it "does not lend itself to consistent resolution by a uniform body of appellate precedent." *See Carbon County v. Workforce Appeals Bd.*, 2013 UT 41, ¶ 7, 308 P.3d 477 (citation and internal quotation marks omitted). "Because of the fact-intensive conclusions involved at the agency level," the Board's determination is entitled to deference. *Id.* "When a petitioner challenges an agency's findings of fact, we are required to uphold the findings if they are supported by substantial

evidence when viewed in light of the whole record before the court." *Stauffer v. Department of Workforce Servs.*, 2014 UT App 63, ¶ 5, 325 P.3d 109 (citations and internal quotation marks omitted).

¶3 Yudin filed a claim for unemployment benefits, listing the reason for his job separation from the Salt Lake City School District (the District) as a reduction in force.[1] Yudin worked as a part-time tutor for the District at an online high school during the 2014--2015 school year. He resigned his tutoring position on April 29, 2015, after his tutoring hours were decreased from twenty-seven hours per week to about ten hours per week. He was subsequently hired as a substitute teacher for the District on May 13, 2015. Yudin accepted four or five assignments as a substitute teacher before the District's academic break for summer. Yudin was told that he could return to work as a substitute teacher when the next school year began on August 24, 2015. In fact, Yudin told the Department's representative that he would be returning to work as a substitute teacher when school resumed. The Department denied unemployment benefits on the grounds that Yudin was an employee of an educational institution that was between academic terms and he had a reasonable assurance of returning to work the next school term. An administrative law judge (ALJ) and, ultimately, the Board affirmed the denial of unemployment benefits.

¶4 The only separation from employment subject to review was the separation that occurred when the school year ended for the summer and Yudin was not able to serve as a substitute

---

1. Although Yudin makes assertions related to his separation from a different school district where he worked as a teacher, those assertions are unrelated to this case, which involves only the application for benefits related to employment with the Salt Lake City School District.

teacher until the new school year resumed in the fall. *See* Utah Admin. Code R994-405-1 (stating that if there is more than one separation from the same employer, eligibility for unemployment benefits is to be determined based upon the latest separation occurring before a benefits claim is filed). Specific statutory provisions and rules apply to benefits claims made by persons employed by educational institutions. In relevant part, Utah Code section 35A-4-405(8) provides that a person employed by an educational institution is ineligible for benefits for any period between two successive academic years if the person has a contract or reasonable assurance that he will perform services in that capacity in the second of the academic terms. *See* Utah Code Ann. § 35A-4-405(8) (LexisNexis Supp. 2013). Accordingly, section 35A-4-405(8) "denies unemployment benefits during periods when the claimant's unemployment is due to school not being in session provided the claimant has been given a reasonable assurance that he . . . can return to work when school resumes and the claimant intends to return when school resumes." Utah Admin. Code R994-405-801; *see also* Utah Code Ann. § 35A-4-405(8). The administrative rules clarify that unemployment insurance benefits will "only be available when the claimant is no longer attached in any way to a school and the reason for the unemployment is not due to normal school recesses." Utah Admin. Code R994-405-801. The claimant is ineligible if all of the following elements are met: (a) the claimant is an employee of an educational institution; (b) school is not in session; and (c) the claimant has a reasonable assurance of returning to work for an educational institution at the next regular year or term. *See id.* R994-405-802. "A substitute teacher is treated the same as any other school employee." *Id.* R994-405-806. "If the claimant worked as a substitute teacher during the prior school term, he or she is presumed to have a reasonable assurance of having work under similar conditions during the next term and benefits will be denied when school is not in session." *Id.*

¶5     It was undisputed that Yudin had been working for an educational institution. He argued that his job significantly changed as a tutor, which prompted him to resign that position and accept a new position as a substitute teacher. Although he claimed that the high school where he was a tutor had a nontraditional schedule that would have allowed him to work during the summer, the separation that was before the ALJ and the Board in evaluating his appeal of the denial of benefits was the separation applicable to his position as a substitute teacher, which was linked to the standard academic year. Because Yudin had a reasonable assurance that he would be able to return to work as a substitute teacher for the District when school resumed in the fall, he was disqualified from receiving benefits during the period between academic terms.

¶6     Before the Board and before this court, Yudin has made arguments and submitted evidence that were not presented at the hearing before the ALJ. Addressing this material, the Board noted that instructions in both the hearing notice and from the ALJ at the hearing advised Yudin that the hearing was the opportunity to present all testimony and evidence and that the appeal decision would be based solely on the evidence introduced at the hearing and provided to all other parties in advance of the hearing. "Absent a showing of unusual or extraordinary circumstances, the Board will not consider new evidence on appeal if the evidence was reasonably available and accessible at the time of the hearing before the ALJ." *Id.* R994-508-305(2). The new material submitted to the Board included statements from the website of the high school where Yudin was employed as a tutor, excerpts of news reports, emails, and similar information. The Board concluded that this new evidence was available at the time of the hearing, that Yudin had the opportunity to present it at the hearing, and that he had not demonstrated any extenuating circumstances that would support accepting new evidence after the hearing. We do not disturb that determination. In addition, Yudin's response to

summary disposition filed in this court is largely comprised of arguments that were never presented to or addressed by the ALJ or the Board. We limit our consideration to the testimony and evidence contained in the agency record.

¶7　　Based upon the foregoing, we decline to disturb the Board's decision denying benefits.

––––––––––