2016 UT App 44

## THE UTAH COURT OF APPEALS

SULJO TALOVIC,
Petitioner,

*v.*

DEPARTMENT OF WORKFORCE SERVICES,
Respondent.

Per Curiam Decision
No. 20160014-CA
Filed March 10, 2016

Original Proceeding in this Court

Suljo Talovic, Petitioner Pro Se

Amanda B. McPeck, Attorney for Respondent

Before JUDGES J. FREDERIC VOROS JR., STEPHEN L. ROTH, and
KATE A. TOOMEY.

PER CURIAM:

¶1    Suljo Talovic seeks review of the Workforce Appeals Board's (the Board) decision denying him unemployment benefits and assessing a fraud overpayment. We do not disturb the Board's decision.

¶2    A claimant is not eligible to receive unemployment benefits unless he is able to work and available for full-time work. Utah Code Ann. § 35A-4-403(1)(c) (LexisNexis 2015). "Any person who, by reason of his fraud, has received any sum as benefits . . . to which he was not entitled shall repay the sum," *id.* § 35A-4-406(4)(a), along with a civil penalty for fraud in an amount equal to the overpayment, *see id.* § 35A-4-405(5)(c). We review the Board's decision on a request for unemployment benefits as a mixed question of fact and law that is more fact-like because the "case does not lend itself to consistent resolution by a uniform body of appellate precedent." *Carbon County v.*

*Workforce Appeals Board*, 2013 UT 41, ¶ 7, 308 P.3d 477 (citation and internal quotation marks omitted). Accordingly, the Board's determinations are entitled to deference because "the appellate court would be in an inferior position to review the correctness of the . . . decision." *Id.* (omission in original) (citation and internal quotation marks omitted). "Because of the fact-intensive conclusions involved at the agency level," the Board's determination that Talovic was ineligible for benefits because he was not able and available for work and its determination of a fraud overpayment are both entitled to deference. *See id.*

¶3      The Department of Workforce Services' (the Department) rules provide that a claimant must have no physical or mental health limitations that would preclude the claimant from immediately accepting full-time work. Utah Admin. Code R994-403-111c(1). The Board and the Department take the position "that a claimant who tells the Social Security Administration, through an application for disability benefits with that agency, that he or she is disabled, is not considered to be able and available for full-time work under Department rules." This court has upheld the disqualification from benefits and establishment of an overpayment on this basis. *See, e.g., Unck v. Department of Workforce Servs.*, 2015 UT App 201, ¶¶ 5—8, 358 P.3d 339 (per curiam); *Yarrington v. Department of Workforce Servs.*, 2014 UT App 216, ¶ 5, 335 P.3d 930 (per curiam).

¶4      Talovic filed a claim for unemployment benefits effective June 1, 2015. On August 13, 2015, he applied for Social Security disability benefits. In his application to the Social Security Administration, he affirmed that he was disabled and had been unable to work since June 1, 2015. It is undisputed that Talovic told the Social Security Administration that he was disabled and unable to work, while at the same time he filed weekly benefits claims stating to the Department that he was able and available to work. Although he stated at the hearing before the Administrative Law Judge that he needed to continue to work to

support his family, he was then pursuing disability benefits from the Social Security Administration. Accordingly, the Board found his assertion to be unpersuasive. We do not disturb the Board's decision that Talovic was disqualified from receiving unemployment benefits because he was not able and available for work and therefore was required to repay the benefits he received.[1]

¶5     Talovic also challenges the Board's imposition of a fraud penalty in an amount equal to the overpayment amount. To establish fraud, the Department must establish three elements: materiality, knowledge, and willfulness. *See* Utah Admin. Code R994-406-401(1). "Materiality is established when a claimant makes false statements or fails to provide accurate information for the purposes of obtaining . . . any benefit payment to which the claimant is not entitled. . . ." *Id.* R994-406-401(1)(a)(i)(A). Knowledge is established when the claimant knew or should have known that the information submitted to the Department was incorrect or that the claimant failed to provide required information. *See id.* R994-406-401(1)(b). Finally, "[w]illfulness is established when a claimant files claims or other documents containing false statements, responses or deliberate omissions." *Id.* R994-406-401(1)(c).

¶6     The Board found that Talovic provided false information by submitting claims to the Department that stated that he was able and available for full-time work, which resulted in his receiving unemployment benefits. He should have known that

---

1. Talovic provides documents to this court demonstrating that the Social Security Administration subsequently denied his claim for disability benefits and advised him of the appeals process. These documents are not a part of the agency record and were not considered by the Department and the Board. Accordingly, this court does not consider these documents.

the information was incorrect because he had stated that he was disabled and unable to work during the same time period in an application for disability benefits. Evidence in the agency record supports these determinations. *See Stauffer v. Department of Workforce Servs.*, 2014 UT App 63, ¶ 5, 325 P.3d 109 ("When a petitioner challenges an agency's findings of fact, we are required to uphold the findings if they are supported by substantial evidence when viewed in light of the whole record before the court." (citation and internal quotation marks omitted)). Accordingly, the evidence also supports the imposition of a fraud penalty.

¶7    Based upon the foregoing, we decline to disturb the Board's decisions disqualifying Talovic from receiving unemployment benefits and imposing a fraud overpayment and penalty.

—————