2017 UT App 15

# THE UTAH COURT OF APPEALS

SARA ALICIA DOXON,
Petitioner,
*v.*
DEPARTMENT OF WORKFORCE SERVICES,
Respondent.

Per Curiam Decision
No. 20160884-CA
Filed January 26, 2017

Original Proceeding in this Court

Sara Alicia Doxon, Petitioner Pro Se

Suzan Pixton, Attorney for Respondent

Before JUDGES STEPHEN L. ROTH, KATE A. TOOMEY, and DAVID N. MORTENSEN.

PER CURIAM:

¶1     Sara Alicia Doxon petitions for judicial review of the Workforce Appeals Board's (the Board) decision denying her unemployment benefits. We decline to disturb the Board's decision.

¶2     The Board's decision on a request for unemployment benefits is a mixed question of fact and law that is more fact-like than law-like because "the case does not lend itself to consistent resolution by a uniform body of appellate precedent." *See Carbon County v. Workforce Appeals Board*, 2013 UT 41, ¶ 7, 308 P.3d 477 (citation and internal quotation marks omitted). "Because of the fact-intensive conclusions involved at the agency level," the Board's determination is entitled to deference. *See id.* "When a petitioner challenges an agency's findings of fact, we are required to uphold the findings if they are supported by substantial evidence when viewed in light of the whole record

before the court." *Stauffer v. Department of Workforce Services*, 2014 UT App 63, ¶ 5, 325 P.3d 109 (citations and internal quotation marks omitted).

¶3     The Department of Workforce Services denied unemployment benefits because it found that Doxon voluntarily quit her job without good cause. An administrative law judge (ALJ) affirmed that denial, and the Board affirmed the decision to deny benefits. Individuals are not entitled to unemployment benefits if they quit absent good cause. *See* Utah Code Ann. § 35A-4-405(1)(a) (LexisNexis 2015). Because Doxon chose to quit, she was the moving party in the separation and therefore had the burden to establish good cause for the decision to quit. *See* Utah Admin. Code R994-405-105. "To establish good cause, a claimant must show that continuing the employment would have caused an adverse effect which the claimant could not control or prevent. The claimant must show that an immediate severance of the employment relationship was necessary." *Id.* R994-405-102. Establishing an adverse effect requires a showing of "actual or potential physical, mental, economic, personal or professional harm caused or aggravated by the employment." *Id.* R994-405-102(1)(a). "The claimant's decision to quit must be measured against the actions of an average individual, not one who is unusually sensitive." *Id.* Good cause is not established if the claimant reasonably could have continued working while looking for other employment, or had reasonable alternatives to preserve the job. *Id.* R994-405-102(1)(b).

¶4     The Board determined that Doxon did not establish good cause for quitting her employment under the applicable statute and rules. There is little, if any, dispute about the reasons that Doxon quit her job of almost sixteen years. Doxon consistently stated in her filings and testimony that she resigned so she could move back to California and be closer to family. She had been considering this move for about a year before she actually resigned. The timing of her resignation and move was influenced by the fact that her sister was leaving Utah to move to

California. Indeed, throughout the agency proceedings, Doxon stated that she loved her job and chose to leave her long-term employment to move to California to be nearer to family.[1] We defer to the Board's conclusions that Doxon "made the voluntary choice to quit for purely personal reasons" and "failed to produce convincing evidence that remaining employed created a hardship she was unable to control or prevent and she acted reasonable when she quit."

¶5      Before the Board and this court, Doxon argues that she made diligent efforts to find employment in California—starting months before she quit her job—and should not be disqualified from receiving benefits. The Board explained that the sincerity of Doxon's efforts to obtain work were not at issue. Instead, the decision to quit without first finding another job was examined for reasonableness. We defer to the Board's determination that even if the job search proved to be more difficult than she hoped,

---

1. In her response to this court's sua sponte motion, Doxon raises a new claim regarding a health issue as a basis for her decision to quit. She states that she did not mention this issue before the Department of Workforce Services, but she believes that it should be considered by this court. The issue also was never presented to, or addressed by, the ALJ or the Board and therefore will not be considered by this court. This court limits its consideration to the testimony and evidence contained in the agency record. Furthermore, the Department's notice advised Doxon that the hearing would be her "opportunity to present ALL testimony and evidence on the issues;" that the ALJ's decision would be based upon the evidence presented at the hearing; and that a claimant is generally not allowed to present new evidence in any future appeal. The ALJ advised Doxon that it was important to present all of her evidence at the hearing, and Doxon indicated her understanding of the appeals process as explained to her.

it was not reasonable to resign before obtaining new employment.

¶6 Where a claimant does not demonstrate good cause for voluntarily quitting her employment "the equity and good conscience standard must be considered . . . . If there are mitigating circumstances and a denial of benefits would be unreasonably harsh or an affront to fairness, benefits may be allowed[.]" *Id.* R994-405-103(1). However, a claimant must have acted reasonably in quitting. *Id.* R994-405-103(1)(a). A claimant's actions may be reasonable "if the decision to quit was logical, sensible, or practical." *Id.* We defer to the Board's conclusion that Doxon's actions were not reasonable even "under the relaxed standards of equity." Doxon also has argued that she deserves unemployment benefits based upon her long employment and that her employer was wrongfully refusing to pay her these benefits. However, the Board correctly explained that the Department of Workforce Services is solely responsible for determining whether or not she was eligible for benefits. We do not disturb the Board's decision that Doxon was not entitled to benefits under the equity and good conscience standard.

¶7 Accordingly, we decline to disturb the Board's decision denying benefits.

—————