**2017 UT App 107**

# THE UTAH COURT OF APPEALS

ADAM J. GIBSON,
Petitioner,

*v.*

DEPARTMENT OF WORKFORCE SERVICES,
Respondent.

Per Curiam Opinion
No. 20160883-CA
Filed June 29, 2017

Original Proceeding in this Court

Adam J. Gibson, Petitioner Pro Se

Suzan Pixton, Attorney for Respondent

Before JUDGES MICHELE M. CHRISTIANSEN, KATE A. TOOMEY, and JILL M. POHLMAN.

PER CURIAM:

¶1     Adam Gibson seeks review of the final decision of the Workforce Appeals Board (the Board). Gibson asserts that the Board erred in determining that he quit his position without good cause, thereby making him ineligible for unemployment benefits.

¶2     The Board's decision concerning whether a person voluntarily quit his employment and the associated inquiries concerning that person's qualification for benefits presents mixed questions of fact and law that are more fact-like because the fact-intensive inquiries do not lend themselves "to consistent resolution by a uniform body of appellate precedent." *Carbon County v. Workforce Appeals Board*, 2013 UT 41, ¶ 7, 308 P.3d 477 (citation and internal quotation marks omitted). "Because of the fact-intensive conclusions involved at the agency level," the Board's determination in such matters is entitled to deference. *Id.* "When a petitioner challenges an agency's findings of fact, we

are required to uphold the findings if they are supported by substantial evidence when viewed in light of the whole record before the court." *Stauffer v. Department of Workforce Services.*, 2014 UT App 63, ¶ 5, 325 P.3d 109 (citations and internal quotation marks omitted).

¶3 Gibson concedes that he quit his employment but argues nevertheless that he was entitled to unemployment benefits. A claimant who voluntarily quits employment may still be entitled to benefits if he shows good cause for the separation or if denying benefits would be contrary to equity and good conscience. *See* Utah Admin Code R994-405-101(3). "To establish good cause, a claimant must show that continuing the employment would have caused an adverse effect which the claimant could not control or prevent. The claimant must show that an immediate severance of the relationship was necessary." *Id.* R994-405-102. Further, even if an adverse effect is shown, good cause may not be found if the claimant reasonably could have continued working while looking for other employment. *See id.* R994-405-102(1)(b).

¶4 The Board determined that Gibson failed to demonstrate that he had good cause to quit his employment. Regardless of any alleged potential adverse effect Gibson might have suffered by remaining employed, Gibson failed to demonstrate why he could not have continued to work while looking for other employment. Gibson's employer had resolved the safety issues that concerned him. Thus, Gibson could not identify any potentially hazardous working conditions that existed at the time he quit his employment. Further, Gibson was not punished in any way for raising the safety issues. His only identifiable reasons for quitting without first obtaining new employment were because he did not want to "waste [his] time" with the employer's leadership and because he had higher morals than the employer. The Board found that quitting one's employment under these circumstances was not reasonable. The record supports the Board's decision.

¶5      Additionally, the Board determined that denying benefits in this case would not be contrary to equity and good conscience. *See id.* R994-405-103. To meet this standard, a claimant must demonstrate that his actions were reasonable and that there were mitigating circumstances that would make the denial of benefits an affront to fairness. *See id.* R994-405-103(1)(a). Here, the Board found that Gibson presented no mitigating evidence that demonstrated denying him benefits would be an affront to fairness based on its conclusion that Gibson did not act reasonably in failing to secure new employment prior to quitting. Based on the record before us, we cannot say that the Board abused its discretion in so concluding.

¶6      Accordingly, we decline to disturb the Board's final decision.

――――――――